CITY OF ST. LOUIS v. HOLLRAH et al., Appellants.

Division One, May 27, 1903.

1. **Demands Against Insane Person:** COURT: STATUTE OF 1899. The statute of 1899 providing that "all demands against the estate of an insane person shall be presented to the probate court," does not take away from the circuit court juridiction to determine the claim of a city or county for reimbursement out of the estate of an insane person for money in supporting such person at an asylum. That act clearly refers to demands against an insane person accruing before the granting of letters of guardianship.

2. ———: JURISDICTION: OUSTING CIRCUIT COURT. In order that an act investing in the probate court authority to determine claims against the estate of an insane person may have the effect of ousting the jurisdiction of the circuit court over the same, it must afford to the claimant not only a remedy, but an adequate remedy, and that remedy must be exclusive. And this the Act of 1899 does not give to a city which has maintained an insane person at a lunatic asylum for a number of years and seeks to be reimbursed out of such person's estate.

3. ———: INSANE PAUPER: PLEADING. In a suit against the guardian by a city or county to be reimbursed for paying the expenses of an insane person at a lunatic asylum, if the defendant wishes to escape payment by the fact that the necessaries were furnished the insane person as an insane pauper, he must plead that defense.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*Henderson & Gentry* for appellants.

(1)   The circuit court had no jurisdiction over the subject-matter of this case. This action was commenced improperly in the circuit court, that court having been deprived of its jurisdiction in such matters by the Laws of 1899, amending chapter 86, Revised Statutes 1889, by inserting section 5529a. There is no doubt but that the circuit court formerly had jurisdiction of such a case as this, said jurisdiction having been provided for by Revised Statutes 1899, section 3318. The Legislature must be presumed to have known that said section was in the law of Missouri, and that it did give such jurisdiction to the circuit court. Knowing that fact, it proceeded to enact a new section changing the jurisdiction, making a mandatory provision requiring all claims against those who had been found to be *non compos mentis* to be presented to the probate court. There is no escape from the sweeping provisions requiring that "all" "shall" be presented, etc. Realizing that this new method was different 'from the old which gave only the circuit court jurisdiction, and desiring that the change should be made and no misunderstanding on the subject, the Legislature provided that all acts or parts of acts inconsistent with this new section "are hereby repealed." (2)   The petition did not state a cause of action. This objection is not waived by answering or by failure to demur. R. S. 1899, sec. 602. Every fact which is essential to a recovery in the case must be stated in the petition. (3)   If she was received as a pauper patient, she can not now be charged as a pay patient. The case is similar in many respects to the case of Montgomery Co. v. Gupton, 139 Mo. 303, in which this point is fully brought out. It is submitted that these matters must be fully set forth in the petition, in order that it may state a cause of action at all.

*Chas. W. Bates* and *Alex. Nicholson* for respondent.

(1) The probate court, as a court of limited jurisdiction, has no jurisdiction or authority by presumption, but has only such authority as is specifically and clearly conferred by statute. Taafe v. Ryan, 25 Mo. App. 563; Abernathy v. Moore, 83 Mo. 65; Powers v. Blakey's Admr., 16 Mo. 439; State ex rel. v. St. Louis County Court, 38 Mo. 403. (2) The probate court has never had jurisdiction conferred upon it to allow demands against insane persons. The Act of 1899 does not confer jurisdiction upon the probate court specifically and in terms; nor does it use language adequate to confer jurisdiction; nor does it provide the mode or machinery by which claims can be adjudicated, or their effect if adjudicated. It is, therefore, ineffectual. Laws 1899, p. 227; sec. 3668 et seq., R. S. 1899; secs. 5513, 5563, R. S. 1899; secs. 183, 184, 191, 192, 199, 200, 201, 202, 203, R. S. 1899; State ex rel. v. Hopkins, 87 Mo. 527; City of Pleasant Hill v. Dasher, 120 Mo. 681. (3) Even if it should be held that the Act of 1899 gave jurisdiction to the probate court, the jurisdiction of the circuit court, long established, is not taken away, because no words of exclusion or prohibition are used in the act, and the presumption is in favor of retention of jurisdiction by the circuit court. State ex rel. v. St. Louis County Court, supra; Tackett v. Vogler, 85 Mo. 480; Purdy v. Gault, 19 Mo. App. 191; Baptist Church v. Robberson, 71 Mo. 326; Richardson v. Palmer, 24 Mo. App. 480.

BRACE, P. J.—This is an appeal by defendants from a judgment of the St. Louis City Circuit Court in favor of the plaintiff for the sum of $1,204.68.

The petition, omitting caption, is as follows:

"Plaintiff states that it is a municipal corporation, duly organized, created and existing under and by vir-

tue of the laws of the State of Missouri, and the defendant Mary Hollrah is, and during all of the times hereinafter stated was a person of unsound mind, and the defendant William C. Richardson is, and since January 1, 1894, has been, the duly elected, qualified and acting public administrator of the city of St. Louis, and as such is the guardian of the person and estate of said Mary Hollrah, and has her estate in his custody and charge. And plaintiff further states that from and after the 23d day of February, 1893, until the 16th day of January, 1894, it furnished to defendant Mary Hollrah, board, lodging, nursing, medical attendance and treatment at its insane asylum, all of which things were absolutely necessary and required by said Mary Hollrah, and which were not furnished to her by any other person or persons, and were absolutely needed and necessary for her maintenance, support and care; and that plaintiff furnished similar necessaries under similar circumstances and conditions to said defendant Mary Hollrah at its poorhouse, wherein is maintained a branch of its insane asylum, from and after the 16th day of January, 1894, to and including August 31, 1899, which said board, lodging, nursing, medical attendance and treatment were reasonably worth the sum of $15 monthly, or a total of $1,173.59, for which the said defendant, Mary Hollrah, is now indebted and liable to plaintiff. That plaintiff has demanded payment of said sum, but that payment thereof, or any part thereof, has been refused; wherefore it prays judgment against defendant, Mary Hollrah, for the sum of $1,173.59, together with interest thereon, and costs.''

To the petition, the defendant guardian filed demurrer as follows:

''Now comes the above named defendant, Wm. C. Richardson, public administrator and ex-officio public guardian and curator of the city of St. Louis, and as such in charge of the person and estate of Mary Hollrah, as her guardian, and demurs to the petition of plaintiff

herein, for the reason that this court has no jurisdiction of the subject of this action; and jurisdiction in such cases being confined exclusively to the probate court by the laws of 1899 amending chapter 86, Revised Statutes 1889, by inserting section 5529a.''

The demurrer was overruled, and thereupon he filed answer denying the allegation of the petition. The case was tried by the court without a jury, finding and judgment for the plaintiff; judgment ordered certified to the probate court, and after unsuccessful motions for new trial and in arrest of judgment the guardian took an appeal to the St. Louis Court of Appeals, from which the case was transferred to this court, to which the appeal should have been taken.

Two grounds are urged for the reversal of the judgment:

*First.* That the circuit court did not have jurisdiction of the action; and

*Second.* That the petition did not state facts sufficient to constitute a cause of action.

(1) This is a common-law action for the value of necessaries furnished an insane person; of which, it is conceded, that the circuit court had jurisdiction, unless it was divested of such jurisdiction by the provisions of an act of the General Assembly entitled ''An Act to amend chapter 86 of the Revised Statutes of the State of Missouri, 1889, entitled 'Insane persons,' by adding three new sections, to be known as sections 5529a and 5529b and section 5529c.'' ''Approved March 21, 1899'' (Laws 1899, p. 227), and carried into the Revision of that year as sections 3668, 3669 and 3670.

That act is as follows:

''Section 1. Section 5529a. All demands against the estate of an insane person shall be presented to the probate court, and notice of intention to present such demand shall be served upon the guardian with a copy of the instrument of writing, or account upon which said demand is founded, and such demand shall be con-

sidered legally exhibited from the time of serving such notice, or a waiver of such notice in writing by the guardian or his waiver in open court. All demands not thus exhibited and presented for allowance in two years from publication of notice of the appointment of the guardian shall be forever barred.

"Sec. 2. Section 5529b. If there should not be sufficient assets of the estate of such insane person to pay all demands allowed in full, the probate court shall make an order prorating said assets equally among the holders of said allowed demands.

"[Sec. 2a.] Section 5529c. It shall be the duty of such guardian within thirty days after his appointment to give notice by publication in some newspaper printed and published in the county in which such appointment was made, and if no paper is published in such county therein, a paper published in any other county in the State nearest to the county where such appointment was made for three weeks that letters of guardianship had been granted to him, and requiring all persons having claims against the estate of such insane person to exhibit them for allowance before the probate court granting said letters of guardianship, within two years from the date of said publication, or they shall be forever barred.

"Sec. 3. All acts or parts of acts inconsistent herewith are hereby repealed."

It is well-settled law, "That, if a statute gives a remedy in the affirmative, without containing any express or implied negative, for a matter which was actionable at common law, this does not take away the common-law remedy, but the party may still sue at common law, as well as upon the statute. In such cases the statute remedy will be regarded as merely cumulative. But, where a new right or the means of acquiring it are given, and an adequate remedy for violating it is given in the same statute, then the injured parties are con-

fined to the statutory remedy.'' [Markowitz v. Kansas City, 125 Mo. 485; Hickman v. City of Kansas, 120 Mo. 110; State v. Bittinger, 55 Mo. 596; Lindell's Admr. v. Railroad, 36 Mo. 543; Soulard v. St. Louis, 36 Mo. 546. See also Tackett v. Vogler, 85 Mo. 480; State ex rel. v. St. Louis County Court, 38 Mo. 403.]

In order that this act should have the effect contended for by counsel for defendant, of ousting the jurisdiction of the circuit court and vesting the same in the probate court, it must afford not only a remedy, but an adequate remedy, and that remedy must be exclusive. It fills none of these requirements. The probate court is a court of limited jurisdiction, possesses only such power as is conferred upon it by statute, and can exercise its jurisdiction only in the manner prescribed by statute. This act does not confer upon the probate court power to hear, determine and afford adequate relief to a suitor, in an action in that court against an insane person. Nor does it provide any method of procedure for that purpose. In fact, instead of providing an exclusive remedy in that court, it provides none at all for such suitor. It is simply a limitation upon his demand, and that limitation does not apply to cases like the one in hand, but is confined to demands against an insane person accruing before the granting of letters of guardianship. There is nothing in this contention.

(2) It is next contended that under the ruling in Montgomery County v. Gupton, 139 Mo. 303, no recovery can be had in this case if the necessaries were furnished to Mrs. Hollrah as an insane *pauper,* and that the petition fails to state a cause of action in that it does not negative that fact. This proposition answers itself. If such was the fact, it was matter of defense, and should have been so pleaded by the guardian.

The judgment of the circuit court is affirmed. All concur, except *Robinson, J.,* absent.