FRANK BROWN, Respondent, v. B. F. GLOVER, Admr., etc., Appellant.

St. Louis Court of Appeals. Submitted on Briefs May 4, 1911. Opinion Filed June 6, 1911.

1. APPELLATE PRACTICE: Questions Reviewable: Questions Raised of Court's Own Motion. Since the decisions of appellate courts not only dispose of the case in hand but are important in determining other like cases, such courts have the right to notice errors appearing on the face of the record, although no point thereon is made by counsel, in order that like errors may not occur in other cases.

2. EXECUTORS AND ADMINISTRATORS: Pleading: Petition for Distribution: Sufficiency of Petition. A petition by a legatee, to whom testator had made an advancement which the will provided should be deducted from petitioner's share, asking merely that, when distribution is ordered, petitioner's share shall be set off without charging him with the amount of the advancement, on the ground that he had paid the advancement before testator's death, but which fails to allege either that there were any funds in the estate to distribute or that the estate is in condition for distribution, was premature and unsustainable either as a petition for distribution or as a proceeding in equity.

3. ———: Distribution: Payment of Advancement: Powers of Probate Court. On a petition for the distribution of an estate, the probate court has power to determine whether an advancement required by the will to be charged against a legatee had been paid before testator's death and is therefore not chargeable against the legatee as a part of his share of the estate.

4. PROBATE COURTS: Jurisdiction: Equity Jurisdiction: Jurisdiction of Circuit Courts, on Appeal. The probate court has no equity jurisdiction, nor can the circuit court exercise equity jurisdiction on an appeal from the probate court.

Appeal from Clark Circuit Court.—*Hon. Chas. D. Stewart*, Judge.

REVERSED AND REMANDED (*with directions*).

*W. T. Rutherford* and *O. S. Callihan* for Appellant.

*Charles Hiller* and *W. L. Berkheimer* for Respondent.

REYNOLDS, P. J.—Respondent here presented his petition in the probate court of Clark county, in which petition he sets out that in the will made by his father he had been charged with an advancement of $764 for money paid out by the father on account of the petitioner in that amount; that the will was dated the 2nd of March, 1901, and petitioner had paid that amount after the execution of the will and his father, the testator, had signed and delivered to him a paper dated August 1, 1901, as follows: "This is to certify that I hold no claims against Frank Brown, my son, for money I have paid for him or given him. In consideration of one dollar this day paid to me, and services rendered me by him, including board." The petitioner further avers in his petition that by reason of the premises, he should not be charged in the distribution of the estate with the $764, and he asks that he be not charged therewith , but that he share equally with the other devisees and legatees of his father, and that if there is not sufficient funds to pay all of the legacies in full as in the will provided that each and all of the legatees, including respondent, be charged share and share alike with the deficiency to the end that the estate be equally divided as intended by the testator and for all other relief.  On the hearing of this before the probate court, it appears that the probate court made an order, not in the record but apparently in favor of the petitioner, and on an appeal to the circuit court, where the cause was heard before the court, that court entered up a finding and judgment in favor of respondent, the court finding as a matter of fact, "that Zadok L. Brown, Sr., (the petitioner's father), died testate in the county of Clark, in the State of Missouri, on the 17th  day  of  May, 1906, which will was duly probated in the probate court of said county and that said Glover was by said court appointed administarator of said estate with the will annexed.  The court further finds that by the

terms of said will he willed and bequeathed his estate to his children and grandchildren. The court further finds that the above named Frank Brown is a son and heir of said Zadok L. Brown, deceased. The court further finds that said Zadok L. Brown in said will charged as an advancement to said Frank Brown on account of an indebtedness to said Zadok L. Brown from said Frank Brown the sum of $764 and provided therein that upon a settlement of his estate the said sum of $764 should be charged against said Frank Brown as such advancement. The court further finds that after the execution of said will and long prior to the death of said Zadok L. Brown, the said Zadok L. Brown made, executed and delivered to said Frank Brown, a receipt and acquittance of said indebtedness of said amount with which said Frank Brown was so charged as an advancement in said will.

"It is therefore adjudged and decreed by the court that the said Frank Brown be not charged with said indebtedness by reason of said clause in said will, charging him with the same, but that in the distribution of the balance of the estate in the hands of said administrator with the will annexed he share equally with the other children of Zadok L. Brown, deceased, that is to say, that the share of said Frank Brown in said estate of each of the children of said Zadok L. Brown anything in said will to the contrary notwithstanding and in the distribution of the estate of said Brown now in the hands of said administrator each and every legatee and devisee who have received any portion of their shares of said estate after the death of said Zadok L. Brown, be charged therewith in the final distribution of said estate. It is further ordered and decreed that a certified copy of this decree and judgment be certified to the probate court of Clark county by the clerk of this court and that the said Frank Brown have and recover of said estate his costs and charges herein expended." From this the

administrator of the estate of Zadok L. Brown, Sr., has duly perfected appeal to this court.

The points made here by the administrator are, first, that "because of the mental condition of Z. L. Brown the mere act of signing by him of the receipt dated August 1, 1901, is not sufficient to make it effective as a revocation of the clause in his will;" second, that no evidence was offered by respondent in support of the allegations in his motion for distribution that he had fully paid and satisfied all of the indebtedness and had a full and final settlement of said indebtedness with his father, the testator; third, that the question of redemption raised by respondent's motion calls for the exercise of the powers of a court of equity, and the probate court was without jurisdiction to entertain it, and that therefore no such jurisdiction was conferred upon the circuit court on appeal. If we were to confine ourselves to the points made by the learned counsel for appellant, we might dispose of them by saying that they are not well taken. But as the decisions of an appellate court not only dispose of the cause in decision but are important in determining like cases, we have the right to notice errors appearing on the face of a record, that like errors shall not occur in other causes. Counsel call the petition or statement filed by respondent, "a petition for distribution of the estate." We cannot hold it to be that. It does not contain averments which are essential on which to found such a motion. There is no averment that the administrator of the estate is in condition for distribution or that there are any funds or assets of the estate to distribute. [Section 246, R. S. 1909.] So far as appears by the petition, the case presented is a moot case. There may never be any assets to distribute. The petition itself does not ask for distribution, but asks that when ordered, the petitioner's share be set off without charging him with the amount with which he stands charged in the will. There is

no doubt that when distribution is to be made, it will be within the power of the probate court, on the question being then properly presented to it, to determine what shall be the share of this petitioner. [Lietman's Estate v. Lietman, 149 Mo. 112, 50 S. W. 307.] But that situation, so far as appears by this record, has not arisen. We gather from an inspection of the record that the circuit court treated this as a suit or proceeding in equity; as if to construe a will. The probate court has no equity jurisdiction; nor, on appeal from that to it, has the circuit court. The judgment, or decree, as the circuit court designates it, directs the course to be pursued when distribution is ordered; namely, that in the distribution of the estate "each and every legatee and devisee who have received any portion of their shares of said estate after the death of said Zadok L. Brown, be charged therewith in the final distribution of said estate." This will, of course, now be set aside.

The judgment of the circuit court is reversed and the cause remanded with directions to that court to dismiss the petition of respondent without prejudice, and that it so certify to the probate court of Clark county. *Nortoni* and *Caulfield, JJ.,* concur.