FRANK DIETRICH, SPECIAL DEPUTY COMMISSIONER OF FINANCE IN CHARGE OF LIQUIDATION OF PEOPLES BANK OF DE SOTO, A CORPORATION, RESPONDENT, v. EVA A. JONES, EXECUTRIX OF THE ESTATE OF R. B. JONES, DECEASED, AND K. JONES, THE ESTATE OF ERNEST S. COXWELL, R. P. COXWELL, ADMINISTRATOR, THE ESTATE OF G. A. AUERSWALD, D. L. ROUGGLY, EXECUTOR, APPELLANTS.—53 S. W. (2d) 1059.

St. Louis Court of Appeals. Opinion filed November 8, 1932.

*E. C. Edgar* for appellants.

*Frank Dietrich, T. E. Francis* and *Will B. Dearing* for respondent.

HAID, P. J.—This is an appeal from the judgment of the circuit court setting aside an order of a probate court allowing a claim as a preferred one.

The case was tried upon an agreed statements of facts covering some thirty printed pages of the abstract, but a sufficient understanding of the question involved can be gleaned from the following statement.

On January 24, 1920, Lulu Hamill, a resident of Jefferson County, Missouri, was adjudged a person of unsound mind by the probate court of that county, and Roscoe B. Jones was appointed guardian of her person and curator of her estate and as such gave bond in the sum of $20,000; such bond was executed with Ernest S. Coxwell, G. A. Auerswald, K. Jones and C. E. Merseal as sureties.

Roscoe B. Jones died on January 2, 1921, and Eva A. Jones became executrix of his estate and as such, on April 2, 1921, filed a final settlement of the estate of the insane person. On April 9, 1921, Anna L. Hamill, who had been appointed and qualified as guardian and curator of said insane persons, as successor to Roscoe B. Jones, deceased, filed exceptions to such settlement, and on May 7, 1921, the court disapproved and rejected such settlement and ordered Eva A. Jones, executrix, to make and file a new settlement in said estate and to pay to the successor curator of said estate the sum of $13,233.31, which the court found Roscoe B. Jones, as curator of said insane person, had converted to his own use.

Eva A. Jones, the executrix, appealed from the last mentioned order to the circuit court of Jefferson county, and on July 11, 1923, the circuit court affirmed the order of the probate court. An appeal was prosecuted from this judgment to the Supreme Court, which court remanded the cause to .the circuit court with directions to make additional investigation and to enter judgment in favor of the successor guardian and curator of the estate of the insane person in accordance with the findings of the circuit court. Pursuant to the mandate of the Supreme Court, the circuit court did, on January 19, 1927, sustain the exceptions filed by the successor curator to the final settlement so filed by the executrix of the estate of Roscoe B. Jones and found that Roscoe B. Jones, during his lifetime and while in possession of the assets of the estate of Lulu Hamill, con-

verted to his own use certain assets belonging to said estate, and directed the executrix to pay to the successor or guardian and curator the sum of $19,264.38, being the value of the property so converted, with interest thereon.

It was further ordered that the judgment of the circuit court, together with the original files, be certified by the clerk to the probate court of Jefferson county.

Eva A. Jones, executrix, did not comply with such order and judgment of the circuit court and did not pay any portion thereof to the successor curator. The insane person having died, Anna L. Hamill was appointed Administratrix of her estate, and on August 22, 1928, filed suit in the circuit court of Jefferson county against G. A. Auerswald, Ernest S. Coxwell, K. Jones and C. E. Merseal as sureties on the bond of Roscoe B. Jones as guardian and curator of Lulu Hamill for the sum of $19,264.38. Ernest S. Coxwell, C. E. Merseal and G. A. Auerswald having died, the cause as to them was revived on September 17, 1929, against their estates. The circuit court then rendered judgment against the estate of Ernest S. Coxwell, the estate of G. A. Auerswald, the estate of C. E. Merseal and against K. Jones for the sum of $6800. The estate of Coxwell, the estate of Auerswald and K. Jones having paid and satisfied the judgment (the estate of C. E. Merseal being insolvent) were, by the judgment of said circuit court, subrogated to all the rights and interest of the estate of Lulu Hamill in and to the aforesaid judgment entered and recorded in the said circuit court January 19, 1927, against the estate of Roscoe B. Jones in favor of the estate of Lulu Hamill, and said judgment was certified by the clerk of said circuit court to the probate court, on October 24, 1929.

On November 9, 1929, the estate of G. A. Auerswald, the estate of Ernest S. Coxwell and K. Jones filed their petition in the probate court praying that they be allowed, as a preferred and prior claim against the estate of Roscoe B. Jones, said sum of $6800 paid by them as sureties on the bond of Roscoe B. Jones as guardian and curator of the estate of Lulu Hamill.

Among the claims allowed by the probate court against the estate of Roscoe B. Jones was one upon an assigned judgment for $52,000 rendered in favor of the administrators *de bonis non* with the will annexed of the estate of Caroline Higginbotham, deceased. The judgment having been paid by the sureties on the bond, the circuit court entered a judgment in favor of the sureties against the executrix of the estate of Roscoe B. Jones, and this judgment in turn was assigned by the sureties to the Commissioner of Finance of the State of Missouri in charge of the liquidation of the Peoples Bank of De Soto.

The total claims allowed by the probate court against the estate

of Roscoe B. Jones aggregated approximately $59,800, while the net assets of the estate, after payment of the fee of the executrix and expenses, total about $7300.

On January 4, 1930, the executrix of the estate of Roscoe B. Jones filed her final settlement of said estate in the probate court of Jefferson county, wherein she took credit for the sum of $6800 to be paid as a preferred claim against said estate, leaving about $522 to be distributed to the other creditors.

On January 11, 1930, Frank Dietrich, Special Deputy Finance Commissioner in charge of the liquidation of the Peoples Bank of De Soto, filed his exceptions and objections to such final settlement. On January 25, 1930, the court approved the final settlement and ordered distribution accordingly, from which order an appeal was taken to the circuit court, which court sustained the exceptions so filed to the final settlement.

It is from this judgment of the circuit court that the appeal is prosecuted by the owners of the claim for $6800.

Conceding, as the appellant assents, that sureties by paying the debt or judgment against their principal, become subrogated to all the rights of the judgment creditor (Cowgill v. Linville, 20 Mo. App. l. c. 147) does that fact authorize a probate court to which the claim of the sureties is presented, to allow such claim as a prior and preferred claim against the assets of the estate of the deceased principal?

As is said by the Supreme Court in the case of State ex rel. v. Holtcamp (Mo.), 14 S. W. (2d) l. c. 650:

"The probate court is a court of limited jurisdiction, possesses only such power as is conferred upon it by statute, and can exercise its jurisdiction only in the manner prescribed by statute." [St. Louis v. Hollrah, 175 Mo. 79, 85, 74 S. W. 996, 998.]

"Whenever a statute limits a thing to be done in a particular form, it necessarily includes in itself a negative, namely, that the thing shall not be done otherwise." [25 C. J. 220, note 16 (c).]

"The Constitution and the statutes have particularized the several things which may be done by probate courts, and we think their jurisdiction is necessarily confined to such suits and proceedings as they have been granted power to adjudicate." [State ex rel. Baker v. Bird, 253 Mo. 569, 580, 162 S. W. 119, 122 (Ann. Cas. 1915C, 353).]

The provisions of our statute with reference to the allowance of demands against an estate of a deceased person provides that such demands shall be divided into six classes, none of which classes embrace the allowance of a claim as a prior and preferential one (Section 182 Revised Statutes of Missouri 1929). It follows that the authority to grant to a claim a preference or priority over other claims against the estate is not a function authorized to be performed by the probate

court. [State ex rel. v. Holtcamp, 322 Mo. 258, 14 S. W. (2d) l. c. 650.]

Appellant, however, asserts that a trustee must keep all trust funds separate from his own funds and if he mingles same so that the trust money cannot be distinguished from his own, his entire estate will be subjected to the payment of the trust estate, and since, by the judgment of the circuit court entered January 19, 1927, it was found that the deceased guardian had mingled the funds belonging to his ward with his own funds and had converted same to his own use, makes his whole estate subject to the payment of said trust estate. Appellant has cited a number of cases in support of this proposition, (Stasiak v. Kaluki (Mo. App.), 255 S. W. 978; Harrison v. Smith, 83 Mo. 210; Orr v. Trust Co., 291 Mo. l. c. 404, 236 S. W. 642; Stoller v. Coats, 88 Mo. 514; Bircher v. Walther, 163 Mo. 461, 63 S. W. 691; Horigan Realty Co. v. Banks, 221 Mo. App. 329, 273 S. W. 772; Tufts v. Latshaw, 172 Mo. l. c. 373, 72 S. W. 697) but an examination of those cases will disclose that they were cases instituted in circuit courts. In fact in one of the cases cited, Orr v. St. Louis Union Trust Co., supra, the court takes occasion to say that the claim involved the establishment of a trust, matters of an equitable nature, and, therefore, not cognizable before the probate court in the administration proceedings.

It is the settled law of this State that the establishment of trusts and the enforcement of trust relations is one of the ancient grounds of equity jurisdiction (Shelton v. Harrison, 182 Mo. App. l. c. 413, 167 S. W. 634; Ewing v. Parrish, 148 Mo. App. l. c. 502, 503, 128 S. W. 538), and it is as clearly settled that a probate court possesses no chancery power and hence it has no jurisdiction to follow a trust fund and to impress assets of an estate being administered with a trust. [Maginn v. Green, 67 Mo. App. l. c. 619; Bank v. Lillibridge, 316 Mo. l. c. 974, 293 S. W. 116; Butler v. Lawson, 72 Mo. l. c. 245, 246; State ex rel. v. Bird, 253 Mo. l. c. 579, 580, 162 S. W. 119; Peck v. Fillingham, 199 Mo. App. l. c. 284, 202 S. W. 465; Brown v. Glover, 158 Mo. App. l. c. 400, 138 S. W. 105.]

The circuit court, therefore, was correct in disallowing the claim as a prior and preferential one. That court went further, however, and declared that the claim was presented more than eight years after letters of administration had been granted to the executrix of the estate, and that the probate court was without jurisdiction to grant it, except as provided by Article 7, Chapter 1, Revised Statutes of Missouri, relating to the administration of estates and, therefore, directed that the order allowing such claim as a preferential one be set aside; but it went further and directed that the petition filed in the probate court upon such claim be not allowed and that the

executrix make her final settlement and satisfy certain claims exhibited and classified, not including the claim of the sureties under the judgment to which they had become subrogated, and to satisfy the claims according to their classification as far as the assets would permit, and if the assets were insufficient to pay the whole of any claim, then such demands be paid in proportion to their amounts.

In this respect we think the judgment of the circuit court was incorrect.

While cases may be taken from the probate court to the circuit court on appeal, Section 292 Revised Statutes of Missouri 1929 provides that, on the appeal the circuit court shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfections in the proceedings of the probate court. It was, therefore, the province of the circuit court to give to the demand the classification it was entitled to, irrespective of the action of the probate court. [Elstroth v. Young, 78 Mo. App. l. c. 655; Zeidler v. Schneider, 181 Mo. App. l. c. 279, 170 S. W. 334; Coulter v. Lyda, 102 Mo. App. l. c. 414, 76 S. W. 720.]

In the present case it appears that the executrix of the estate of Roscoe B. Jones, who, in his lifetime, had been guardian and curator of the estate of Lulu Hamill, filed a settlement on April 2, 1921, and that on April 9, 1921, the successor guardian and curator filed exceptions to such settlement. These exceptions and the appeals taken from the orders entered thereon were pending until after the issuance of the mandate of the Supreme Court of the State, when the circuit court, on January 19, 1927, sustained the exceptions filed by the successor curator and directed the executrix to pay to the successor guardian and curator the sum of $19,264.38. This order, as appears from the record, was certified to the probate court and, therefore, was one established by a court of record under the provisions of Section 189 of the Revised Statutes, and was entitled to be classified under the provisions of Section 182 of the Revised Statutes of Missouri 1929. That judgment being entitled to allowance and distribution from the estate, it follows necessarily that the claimants who became subrogated to the rights of the Hamill estate to such judgment, were, to the extent of the payment they made, entitled to participate in the estate of the deceased.

It follows from what we have said that the circuit court, while correct in its judgment disallowing the claim as a preferential one, should have proceeded to give to the claim the classification that it was entitled to under the provisions of our statutes. The judgment of the circuit court is accordingly reversed and the cause remanded to that court with instructions to proceed therein in accordance with the views expressed in this opinion. *Becker* and *Daues, JJ.,* concur.