FRANK HEDRICK, SR., ANCILLARY ADMINISTRATOR OF ZACK A. WRIGHT, DECEASED, v. RHODA L. WRIGHT, ADMINISTRATRIX, ZACK A. WRIGHT, Deceased.—191 S. W. (2d) 372.

Kansas City Court of Appeals. December 3, 1945.

*Frank F. Catron* for appellant.

490

*T. C. Owen* for defendant.

CAVE, J.—This is an appeal from the Circuit Court of Lafayette County. The court sustained a demurrer to appellant's petition and, upon refusing to plead further, judgment went against him.

The petition is too long to be copied, so we summarize the essential allegations. Zack A. Wright died a resident of Lafayette County, Missouri, and the respondent (defendant) was appointed administratrix of his estate in that county. He owned some property in Johnson County, Kansas, and the appellant (plaintiff) was duly appointed ancillary administrator in that county. The ancillary administrator sold deceased's property in Johnson County and after paying the costs of sale and administration had a balance of $75.35. The probate court of Johnson County had allowed a demand for medical services in the sum of $134.20 and classified the same as a second class claim; the probate court of Lafayette County, Missouri, had allowed a demand for funeral and burial expenses of deceased and classified the same as a first class claim, which would have also been a first class claim under the probate laws of the State of Kansas. That under such circumstances the respondent (the Missouri administratrix) made representation to the appellant (the Kansas administrator) that she did not have in her hands sufficient money or property with which to pay the allowed first class claim and that under the law the Kansas administrator could not use the funds in his hands to pay the allowed second class claim in the State of Kansas, but should deliver said funds to the Missouri administratrix for the purpose of paying the allowed first class demand in that state; that appellant believed such representations and paid to the respondent the balance in his hands, with the understanding and agreement that said money was to be used for the purpose of paying the allowed first class demand in the State of Missouri and for no other purpose; that at the time such representations were made and the money paid over, the respondent had in her possession, or subject to her possession, certain property in which the deceased owned an undivided interest, and said administratrix had sold such undivided interest for a sufficient amount to satisfy and discharge the allowed demand, which had been classified as a first class claim, and that such demand had been paid and satisfied. That thereupon the appellant demanded of the respondent the return of the money, which he had paid to her for the specific purpose of liquidating the said first class claim; that said money had not been used by respondent in the payment and satisfaction of said claim, but was still in her hands as administratrix. The petition then pleads certain Kansas statutes and alleges that the said sum of $75.35 was derived from the sale of real estate in the State of Kansas and can only be used for the payment of allowed demands in the State of Kansas unless there are unpaid allowed demands of a prior classification in Missouri, and charges that there were no such unpaid demands in Missouri. The petition then charges ' . . .

that such money as he turned over to the defendant herein, was induced by the false representations of the Missouri administratrix, was made without any knowledge of the Missouri assets and was made on his part through accident and mistake; that said sum of $75.35 was and is a trust fund in his hands and that he has the right to proceed in the circuit court of Lafayette County against the respondent to have the same declared a trust fund and the specific money returned to him.

The demurrer assails the petition on five grounds, as follows: (a) That the petition shows on its face that plaintiff had as complete remedy at law; (b) that the circuit court has no jurisdiction of the subject matter of the action; (c) that the petition does not plead sufficient facts to impress the funds in the defendant's hands with a trust; (d) that the petition shows on its face that the matter in controversy is now pending between the parties hereto in the probate court of Lafayette County and plaintiff has a complete remedy in said court; (e) because the petition does not state facts sufficient to constitute a cause of action.

The judgment does not disclose the ground or grounds upon which the court sustained the demurrer.

Respondent makes one claim in her brief which should be disposed of first. It is asserted that the probate court of Lafayette County had disallowed this identical demand and that no appeal was taken from that judgment and it has become final. There is nothing in this record to indicate any such action has been taken. The petition does not disclose any such proceeding in the probate court and the demurrer make no such allegation. We connot decide the effect of such a judgment; it is not before us.

The principal ground of dispute between the parties, as shown by their briefs, is whether the probate court of Lafayette County has exclusive jurisdiction of this demand, thereby divesting the circuit court of that county of any jurisdiction, or did plaintiff's petition plead such facts as would entitle him to equitable relief and thereby lodge the jurisdiction in the circuit court? The petition seeks to impress a trust upon a specific fund in the hands of the domiciliary administratrix on the theory that appellant delivered said fund to such administratrix for a specific purpose; i. e., to be applied in the payment of a first claim allowed in the State of Missouri; and under a mistake of fact as to the assets in the hands of defendant. The petition alleges that the domiciliary administratrix had not used such fund for that purpose and that it was not needed by such administratrix for that purpose. Thus, if the purpose of the petition is to establish a trust, then such proceeding must be in the circuit court and not in the probate court. [Dietrich v. Jones et al., 53 S. W. (2d) 1059-1061; Orr v. St. Louis Union Trust Company, 291 Mo. 383-404.] It has been held that a probate court possesses no

chancery power and hence it has no jurisdiction to follow a trust fund and to impress assets of an estate, being administered, with a trust. [Dietrich v. Jones, *supra,* (1062 and cases there cited) ; Howard's Estate v. Howe (Sup. en banc), 131 S. W. (2d) 517, 520; Cunningham v. Kinnerk, 74 S. W. (2d) 1107, 1113.]

This is not a demand growing out of a contract made or obligation incurred by the deceased during his lifetime. The purpose of the suit is to pursue an alleged trust fund which the court is asked to take in its entirety out from among the assets of deceased with which it is mingled, and to order the same paid over in its entirety to plaintiff an ancillary administrator. The allegation is that the fund was delivered by plaitniff to defendant for the purpose of applying the same to the payment of a first class demand allowed by the probate court in Missouri, because the defendant had no other fund or assets with which to pay the same, but that defendant had not so used the fund and did have other assets with which to pay such demand; that defendant violated said agreement and representation and, contrary thereto, had inventoried said fund as a general asset of deceased's estate and would use said fund to pay demands, which were inferior to allowed demands by the probate court in the State of Kansas. If such allegations are true, then the probate court would have no jurisdiction of an equitable proceeding to recover such fund. (See above cited cases.)

The law formerly was that when trust funds had been commingled with other money so that the *cestui que trust* could not identify it, then it could not be recovered in equity. But that rule has long since been abandoned. [Nelson v. McClean's Estate et al., 161 S. W. (2d) 676, 678, and cases cited.]

It is universally recognized that when an administrator or executor delivers assets of an estate to a person not entitled thereto, under a mistake of fact, then the representative can recover such fund or property from the person to whom it has been inadvertently delivered. [21 Am. Jur., Sec. 471, p. 645; Kunkel et al. v. Kunkel, 267 Pa. 163; 34 C. J. S., Sec. 502, p. 410.] As stated above, the petition alleged this fund was paid by the ancillary administrator to the domiciliary administratrix on the representation that she had no funds nor property in her hands belonging to the estate with which to pay allowed first class demands, and that she would use this fund for that sole purpose, when in truth and in fact she did have assets with which to make such payment. If it cannot be recovered, then the Missouri assets of deceased will be enriched by the amount, to the injury of the Kansas creditors and the ancillary administrator. This would not be equitable.

We have been cited to no case of similar import and, after diligent search, have found none. But in McClung v. Sieg, 54 W. Va. 467, the court permitted an ancillary administrator to recover from one

of several legatees because he had permitted the domiciliary administratrix to collect debts in West Virginia and take the proceeds thereof into the state of Virginia and make distribution to the legatees by order of the Virginia court. Thereafter, a creditor in West Virginia filed and had allowed a demand against the deceased's estate, which the ancillary administrator had to pay. The opinion is quite lengthy and we shall not quote from it, but the controlling thought is that it would be inequitable for the legatees to profit by such inadvertence and require the ancillary administrator to pay such allowed demand personally.

The defendant argues that plaintiff should file his demand in the probate court, because he has an adequate remedy at law. It is to be inferred from the petition that deceased's estate in Missouri is insolevnt, although it has been enriched by the fund in controversy. The general rule is that it is not necessary to the exercise of equitable relief that a party should not have any remedy at law, but only that such remedy be inadequate or incomplete. [Jacobs et al. v. Cauthorn, 293 Mo. 154; Broadway Bank v. Schlater, 17 S. W. (2d) 591.] It has been held that to oust equitable jurisdiction, the remedy at law must be so complete that it attains at present the full end and justice of the case. [Pocoke v. Peterson, 256 Mo. 501.]

We are of the opinion that the petition states an equitable cause of action on the facts pleaded and discussed herein, and that other allegations in the petition should be treated as surplusage. Whether the evidence will sufficiently support the allegation, is not now before us. It follows that the court erred in sustaining the demurrer for the reason assigned.

The judgment should be reversed and the cause remanded. All concur.