In re Estate of Henry Harris, Deceased, Respondent, v. Marie N. Waltner, Appellant.—118 S. W. (2d) 90.

Kansas City Court of Appeals. May 23, 1938.

*Robert E. Rooney* for respondent.

*Eaton Adams* for appellant.

SHAIN, P. J.—This is an appeal from the judgment of the Circuit Court of Jackson County adjudging the fee of the appellant herein for services as inheritance tax appraiser to be $35, in face of the fact that said fee as awarded by the judgment of the probate court of Jackson county was fixed at $280.

It appears that the appellant herein, Marie N. Waltner, was the duly appointed inheritance tax appraiser in the estate of Henry Harris, deceased, which was in process of administration in the probate court of Jackson County, Missouri, at Kansas City. After being appointed inheritance tax appraiser she duly gave notice of hearing for the appraisal of the property and thereafter made her original appraiser's report, which was filed and an order made pursuant thereto on the 18th day of May, 1936. On June 4, 1936, the respondent herein, the executrix of the estate, filed exceptions to the report of the inheritance tax appraiser. These exceptions contained seven specifications, six of them pertaining to the appraised value of certain bonds and the seventh exception to "the fee claimed by the inheritance tax appraiser of $150." This fee had been approved and allowed in the order assessing transfer tax filed on the 18th day of May, 1936. Evidence was heard on the exceptions on two different occasions, and on June 11, 1936, the probate court appointed real estate appraisers to appraise the real estate in the estate, and thereafter the appellant filed an amended report. Pursuant to said amended report the court made a new order assessing the transfer tax. The total tax in the amended order was increased from the $107.98 of the original order to $114.78. The appraiser's fee it is alleged was increased from the original $150 to $280, which $280 included $105 for the expense of the real estate appraisement. Thereafter on Septemper 10, 1936, the respondent herein, Flora Harris, executrix, filed in the probate court her application for appeal from the judgment approving the report of Marie N. Waltner, inheritance tax appraiser, from the judgment directing the appointment of the real estate appraisers, the judgment approving the

amended report of the inheritance tax appraiser, and from the judgment allowing the inheritance tax appraiser an additional sum of $25 for her services and the sum of $105 for the expense of the appraisement of the real estate of the estate. The appeal was allowed to the Circuit Court of Jackson County, Missouri, a transcript of the proceedings pertaining to the questions involved in the appeal being sent to the clerk of the circuit court and by him filed. No appeal bond whatsoever was filed by the appealing executrix. Thereafter the appellant filed in the circuit court a motion to dismiss the appeal for the reason that the appellant there had not given bond to the State of Missouri as required by law. This motion was by the court overruled. The case was called for trial thereafter and the appellant (respondent below) vigorously objected to the court taking any further action in the cause other than to dismiss the appeal. This objection being overruled, evidence was heard. At the conclusion of the hearing judgment was rendered, which among other things, purported to fix the fee of the inheritance tax appraised at $35. From this judgment Marie N. Waltner, the inheritance tax appraiser, has duly appealed. In appellant's brief there are shown four assignments of error. All matters raised therein that we are asked to review appear under "Points and Authorities" as follows:

"The court had no jurisdiction of the subject matter or parties of the purported appeal because Flora Harris, executrix, did not file a bond as required by Section 587, Revised Statutes of Missouri for 1929.

"If the trial court had jurisdiction it erred in trying the cause without a jury.

"A. The issues before the court were of such a nature as to entitle the parties to a trial by jury.

"B. Appellant did not waive a trial by jury.

"C. Denial of a trial by jury is an error appearing in the record proper, and hence, can be taken advantage of at any time."

#### OPINION.

The first matter presented for our consideration is as to whether or not the respondent herein has so complied with the prerequisites of appealing from the action and proceeding had in the probate court as to give jurisdiction to the circuit court to hear and determine the same.

The matter of an appeal is purely a matter of statute. Legislative act, as to given subjects, sometimes is considered as a code within itself and procedure provided therein is considered to be exclusive.

The legislative enactment is to inheritance tax comprises all of article 21, Revised Statutes of Missouri, 1929.

In said act the following appears:

"Sec. 587. Exceptions—thirty days in which to file—appeal—bond. Any interested person, including the state treasurer, attorney-general, or prosecuting attorney of the county may file exceptions to the report of the appraiser within thirty days after the time same is filed, specifically pointing out his or their objection thereto, and such exception shall be determined by the court in a summary manner. Any person aggrieved by the judgment of the court as to the amount of liability for the tax may appeal to the court having jurisdiction of appeals from said court in ordinary civil actions, and in case of appeal the appellant shall be required to give bond to the State in double the amount of the *tax, interest, penalty and costs involved,* conditioned to pay all taxes, interest and penalties assessed and costs taxed by the appellate court: Provided, that the state may appeal in any case without giving bond." (Italics ours.)

Appellant contends that the above section is exclusive. Respondent contends that same is not exclusive.

The respondent herein cites in support sections 284 and 288, Revised Statutes of Missouri, 1929. The aforesaid sections appear in article 12, Revised Statutes of Missouri, 1929, which is an enactment that deals with the general provisions of appeals from the probate court. Section 284, cited, provides specifically as to the cases to which the section applies, and designates same under fifteen sub-heads, the last of which is as follows: ". . . fifteenth, and in all other cases *where there shall be a final decision of any matter arising under the provisions of articles 1 to 13, inclusive. . . .*" (Italics ours.)

An examination of the provisions of the superceding subheads discloses that in each case wherein there is provided for an appeal the same comes within the provisions of articles 1 to 13. Such being the case, we conclude that the word "other" gives significance to the legislative intent and we conclude that said section has no application to appeals provided for under article 21, *supra.* It is also significant that section 290 provides that no appeal shall be dismissed for failure of affidavit, provided for in section 287 if same be duly filed in the appellate court, and also provides that failure to file bond as provided in section 288 shall only affect as to *supersedeas.* No such provisions as above are contained in article 21, *supra.*

Respondent cites fourth subdivision of section 1938, Revised Statutes 1929. This section is found in article 3, entitled "Jurisdiction of Circuit Courts."

Subdivision No. 4 of the section reads as follows:

"Fourth—Appellate jurisdiction from the judgment and orders of county courts, probate courts and justices of the peace, in all cases not expressly prohibited by law, and shall possess a superintending control over them, and a general control over executors, ad-

ministrators, guardians, curators, minors, idiots, lunatics and persons of unsound mind.''

There is no question but what the circuit court has jurisdiction of a case properly brought to the court on an appeal from the probate court. However, there is nothing in the fourth subdivision of section 1938 that throws any light upon the statutory prerequisites of appeal from action of probate court when proceeding under provisions of article 21, Revised Statutes of Missouri, 1929, are involved.

The question in this case in no way involves the question of respondent's right to an appeal, but is as to whether or not the prerequisites for an appeal under the provision of article 21 are exclusive and, if so, has the respondent so proceeded as to confer jurisdiction upon the circuit court touching the matters herein involved.

Respondent cites Goodloe v. Wurdeman, 227 S. W. 64. This case reiterates what has often been said concerning liberal construction of what is now section 1938. However, in the law as declared in said case, as to section 289, Revised Statutes of Missouri, 1909 (sec. 587, R. S. 1929) it is said definitely that the section is *specifically* limited to matters under the provisions of articles 1 to 13, as to have stated herein above.

Respondent cites In re McMenamy's Guardianship, 270 S. W. 662. The opinion in this case declares that an appeal will lie from the probate court from action of probate court removing a guardian under the provisions of section 243, Revised Statutes of Missouri, 1919 (sec. 1938, R. S. Mo. 1929) although there is no provision for an appeal under the provisions of what is now article 18, Revised Statutes of Missouri, 1929.

We see no application of the above to the case at bar, for the reason that article 21, Revised Statutes of Missouri 1929, does make explicit provisions for appeal.

Leahy v. Mercantile Trust Co., 247 S. W. 396, is cited. In the course of the opinion the question of collateral attack on the judgment of the circuit court was discussed and in connection with the discussion on that point the court declared that the circuit court has jurisdiction to say whether an appeal granted by the probate court was rightly there. However, the opinion is explicit to the effect that if the decision of the circuit court was wrong or in error then the error, if so, was subject to be corrected by appeal, and was not subject to collateral attack. We conclude there is nothing in the opinion in the above case that has application to the question we are herein considering.

There are other citations made. However, an examination of same discloses that no case cited throws any light on the question of whether or not the provisions of section 587, Revised Statutes of Missouri, 1929, are exclusive. Neither does any citation given by appellant herein give any case construing the provisions in respect to appeal

as provided in said section, and in our research we have failed to find any Missouri decision determining as to the particular question herein involved.

In our research we have found a case not cited in the briefs, DePaw University v. Brunk, 53 Fed. 647, which throws light on the question herein involved. In the course of the opinion in aforesaid case it is said, "The field of taxation is distinct from the field of ordinary proceedings in courts of law."

The opinion in the above case gives a discussion of the provisions of section 587, Revised Statutes of Missouri, 1929, and following, l. c. 651 of the opinion, it is said, "The right to review given by section 587 is not burdened with impossible or unreasonable conditions. *The only condition* is that the taxpayer shall give a bond in double the amount of the tax, interest, penalty, and *costs involved.*" (Italics ours.)

The opinion in the DePaw case is clearly to the effect that due process in inheritance tax proceedings is not denied merely because statute requires appeal bond.

It will be noticed that the provision for an appeal contained in section 587, *supra,* include "amount of tax, interest, penalty and *costs involved.*" (Italics ours.)

The matters involved herein are unquestionably matters of *costs involved* in the procedure provided in, article 21, Revised Statutes of Missouri, 1929, and, therefore, the matter of costs is subject-matter of the proceedings in the probate court.

Based upon what we have herein above considered and stated, we conclude that the provisions of section 587, appertaining to an appeal from the action of the probate court, in proceeding in inheritance tax, is exclusive and that, therefore, the circuit courts of this State State have no jurisdiction when the prerequisites of an appeal, as designated in said section are not complied with.

In the case at bar it is shown that the prerequisite of appeal bond has not been complied with. It follows that the Circuit Court of Jackson County, in this case, had no jurisdiction whatever to hear and determine the issues herein and having no jurisdiction of the subject-matter, the judgment of sad court herein is absolutely void and of no legal effect whatever.

Having concluded that the circuit court had no jurisdiction to proceed in the matter, it follows that this court has no jurisdiction to review and pass upon the merits of questions involved.

Based upon our conclusions above there is but one course for us to follow. The judgment of the circuit court is reversed and cause remanded to the circuit court with directions to strike the cause from its docket for want of jurisdiction.

All concur.