239 S.W.2d 325 (1951)
BENNETT
v.
WOOD et al.
No. 41898.
Supreme Court of Missouri, Division No. 2.
May 14, 1951.
Rene J. Lusser, St. Louis, for appellant.
Tyree C. Derrick and Karl E. Holderle, Jr., St. Louis, for respondents.
Harold B. Kline, St. Louis, for himself as guardian ad litem for minor respondents.
BOHLING, Commissioner.
Dr. Floyd W. Bennett instituted this suit in the Circuit Court of the City of St. Louis against Gertrude Wood, John S. *326 Wood, Equality Savings and Loan Association, a corporation, Associated Fund, Inc., a corporation; Mississippi Valley Trust Company, a corporation; and Jeanne Renee Bennett Wood and Jacqueline K. Bennett Wood, minors, by Harold B. Kline, guardian ad litem. The general object and purpose of plaintiff's first amended petition, upon which the trial was had, was to determine whether any trust existed with respect to specified items of personal property (of a value in excess of $7,500) specifically described in the petition; that it be determined that no trust existed with respect thereto and that said personal property be adjudged to be the property of plaintiff; or if a trust be found, that it be determined to be revocable at the will of plaintiff; that, if contrary to plaintiff's contention the court determine that a trust exists and has not been effectively revoked, the court determine and reduce to writing the terms of the trust et cetera. A judgment, under the circumstances hereinafter narrated, was entered decreeing a trust and stating its conditions and provisions. Plaintiff prosecutes this appeal.
Floyd W. Bennett, Jr., plaintiff's son, was an orthopedic surgeon. He married Gertrude I. Bennett (Now Gertrude Bennett Wood). They had two children, Jeanne Renee Bennett, born September 1, 1942 and Jacqueline K. Bennett, born September 2, 1944. Floyd, Jr., and his family resided at plaintiff's home. Floyd, Jr., died on December 26, 1943; and Gertrude and the children continued to live with his parents. At the time of his son's death, according to plaintiff, he gave Gertrude certain securities which are not here involved. Gertrude married defendant John S. Wood on July 5, 1947, and he adopted the children. Plaintiff's wife died on July 7, 1945. Plaintiff remarried and his second wife is living.
The property involved under plaintiff's petition consisted of (Item 1) a $500 and (Item 2) a $300 deposit with defendant Equality Savings and Loan Association; the $500 was alleged to be plaintiff's property and the $300 was alleged to be plaintiff's property but deposited for the benefit of the children. A pass book was issued in the name of "F. W. Bennett, M.D. and Gertrude I. Bennett" for the $500 deposit, and in the name of "Floyd W. Bennett, M. D. and Gertrude I. Bennett, Trustees," for the $300 deposit. "Item 3" is certificate No. 25282 for 100 shares of "Keystone Custodian S2," purchased by plaintiff and issued in the name of "F. W. Bennett, M.D., and Gertrude I. Bennett, as joint tenants with right of survivorship but not as tenants in common." "Item 4" consists of installment payment form certificates Nos. 1138 for $1,500; No. 1310 for $1,500; No. 1464 for $2,000; No. 1668 for $1,000; and No. 2073 for $3,000, of an alleged total value of $10,300 of the Associated Fund, Inc. Certificate No. 1138 was issued to "Jeanne Renee Bennett and/or Jacqueline K. Bennett, either or the survivor, Floyd W. Bennett and Gertrude I. Bennett, Trustees." Certificates Nos. 1310, 1464, 1668 and 2073 were issued to "Floyd W. Bennett and Gertrude I. Bennett, Trustees for Jeanne Renee Bennett and Jacqueline K. Bennett, either or the survivor."
The guardian ad litem filed on behalf of the minor defendants an "Answer, Counterclaim and Cross-claim," wherein it is alleged, so far as material, that plaintiff established an unconditional and irrevocable trust or trusts with respect to the personal property mentioned in plaintiff's petition; and, as a counterclaim against plaintiff and a cross-claim against defendant Gertrude Wood, that additional securities, having an alleged value of $8,000 or $9,000 but not specifically known to the pleader, were set up in a trust or trusts for the minor defendants and held in the name of plaintiff as trustee or plaintiff and Gertrude Wood as cotrustees. The prayer conformed to the allegations of the pleading.
Plaintiff's responsive pleading thereto in effect re-affirmed the allegations of his petition and denied that any securities exist in addition to those mentioned in plaintiff's petition subject to any trust or trusts as alleged in the counterclaim of the guardian ad litem.
The other pleadings need not be specifically noted.
There is no occasion to state the evidence. It is evident from the record made *327 after the noon recess on the second day of the trial, May, 24, 1949, that an offer of settlement involving a decree providing for the establishment of a trust fund consisting of the personal property mentioned in plaintiff's petition, having an estimated value of $13,040, for the benefit of the minor defendants, with the Mississippi Valley Trust Company as trustee, plaintiff agreeing to pay the court costs of approximately $500, was before the court. Plaintiff's counsel, Mr. Fred Armstrong, stated there were some details that had not been worked out and the parties would have to agree to them or come to the court for guidance; and when asked what these were, he answered: "Well, the exact provision for [plaintiff] seeing the children." The Court stated the children were not to be affected by any disagreement between the parties. Mr. Armstrong suggested passing the case to some future date for the purpose of working out the details, and if they could not be worked out, the case was to stand where they left off. "The Court: It will be partially heard and passed." The Court, however, desired testimony on the allowance of attorney's fees to the guardian ad litem. "Mr. Armstrong: I was going to say that we will say that plaintiff's case is submitted subject to proof in the future if it indicates the necessity on the prayer for attorney's fees for plaintiff to be allowed out of the fund." And later: "Mr. Armstrong: If the case is settled this way, there will be no occasion for my testimony at all, but you are right about Mr. Kline [the guardian ad litem]. The Court: That is right." Thereupon evidence was heard on an allowance to the guardian ad litem and no opposition was interposed to his request of $425 for attorney's fee and $23.03 for expenses.
On November 22, 1949, the Court entered a judgment. It recites that it was upon the evidence adduced and agreements between the parties and by their consent, there being no waiver of any rights of the minor defendants by their guardian ad litem. It established a trust of the items of property described in plaintiff's petition and hereinbefore set out for the benefit of the minor defendants, Jeanne Renee Bennett Wood and Jacqueline K. Bennett Wood, appointed the Mississippi Valley Trust Company as trustee thereof, and prescribed the conditions of the trust and the powers of the trustee. It also provided for plaintiff to see the minor defendants, his granddaughters, once a week and allowed the guardian ad litem $425 for attorney fees and $23.03 for expenses.
However, the judgment does not mention or dispose of the counterclaim and cross-claim of the guardian ad litem; who contends the decree should be modified to include within the trust 175 shares of Group SecuritiesSteel; 100 shares of New York StocksMetals; 475 shares of Fundamental Investors, Inc., and 100 shares of Union Common Stock Fund; or if the evidence adduced be considered insufficient therefor, then the case should be remanded to afford him an opportunity to introduce his case-in-chief.
Mr. Armstrong withdrew as plaintiff's attorney on November 29, 1949, and Mr. Rene J. Lusser entered his appearance as attorney for plaintiff, filed a motion for new trial and later perfected this appeal.
The case should be remanded. We are in no position under the instant record to dispose of the merits of the counterclaim and cross-claim involving the additional securities asserted to be part of the trust fund. We find no order for a separate trial. See R.S.1949, Sec. 510.180 (2); and Supreme Court rule 3.29. The judgment states it was the result of the evidence adduced and the agreements between and consent of the parties; but, as hereinbefore indicated and urged by the guardian ad litem, no disposition of his counterclaim and cross-claim was had. Appellate courts take a record as they find it. In re McMemamy's Guardianship, 307 Mo. 98, 270 S.W. 662, 667[9]. Perhaps matters somewhat beclouded in the instant record may become clear upon further development in the trial court.
Appeals are authorized from final judgments. R.S.1949, Sec. 512.020. "A judgment is the final determination of the right of the parties in the action." Id., Sec. 511.020. It must ordinarily dispose of all *328 parties and all issues in the case. The instant judgment does not do this. Plaintiff's appeal is premature and, whether the parties raise the issue or not, it is our duty to determine whether the judgment is a final appealable judgment. Deeds v. Foster, Mo.Sup. 235 S.W.2d 262, 265[1-5] citing authorities; Madison v. Sheets, Mo. Sup. 236 S.W.2d 286; Severs v. Williamson, Mo.App., 198 S.W.2d 368, 370[3, 4]. Consult Albert J. Hoppe, Inc. v. St. Louis Pub. Serv. Co., Mo.Sup., 235 S.W.2d 347.
The appeal is dismissed and the cause remanded for such further proceedings as may be proper.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.