THE STATE EX REL. ESTELLE PEPER BUSHMAN BARLOW v. CHARLES W. HOLTCAMP, Judge of Probate Court.—14 S. W. (2d) 646.

Division Two, March 2, 1929.

*Chas. J. Macauley, Harry H. Haeussler* and *Foristel, Mudd, Blair & Habenicht* for relatrix.

*W. W. Henderson* for respondent.

260

HIGBEE, C.—On October 31, 1927, the relatrix presented her petition to this court for a writ of certiorari to quash the record of the Probate Court of the City of St. Louis, respondent being judge of said court, wherein it purported to appoint Otto A. Hampe

administrator d. b. n. c. t. a. of the estate of Caroline J. Peper, deceased. At the same time relatrix also presented her petition for a writ of prohibition to prevent the respondent, as such probate judge, from appointing said Otto Hampe administrator d. b. n. c. t. a. of the estate of said Caroline J. Peper and ordering the assets of said estate to be turned over to said Hampe. The writs were issued, and the records of the probate court to be reviewed are before us.

These are companion cases and were argued and submitted together. The record is the same in each case and the cases may be disposed of in one opinion. The facts are thus summarized in the brief of counsel for the relatrix in the certiorari case:

"Briefly stated, the record of the probate court shows that in August, 1920, Caroline J. Peper died testate and named relatrix as executrix. In due time the will was probated in common form and relatrix was thereupon, under her maiden name, appointed executrix thereof and letters testamentary issued to her. She duly qualified and took up the business of executing her mother's will.

"Subsequently, Christian Peper Bushman, a son of Caroline J. Peper, instituted proceedings to contest the will of Caroline J. Peper. This contest was brought to the attention of the probate court, and thereupon, under Section 13, Revised Statutes 1919, it appointed Leslie J. Nichols as administrator pending the contest. Thereafter Nichols retired from that position and L. Frank Ottofy was appointed administrator pending the contest, and letters issued to him. Subsequently Ottofy retired and Karl P. Spencer was appointed to succeed Ottofy pending the remainder of the contest. At no time did the probate court attempt to revoke the letters issued to relatrix as executrix.

"The will contest was tried in the Circuit Court of the City of St. Louis, and that trial resulted in a judgment that the writing was not the will of Caroline J. Peper. Relatrix and other proponents appealed, and on March 4, 1927, this court reversed the judgment of the circuit court and remanded the cause 'with the direction that a judgment be entered establishing the paper writing of July 14, 1919, and the codicil attached thereto of January 4, 1920, as the last will and testament of Caroline J. Peper.' [Bushman v. Barlow, 316 Mo. 916, 292 S. W. 1039-1054.]

"This mandate was filed in the circuit court on April 16, 1927, and thereafter presented to that court, and it thereupon entered its judgment pursuant to the mandate and caused it to be certified to the probate court. Soon thereafter this was duly presented to the probate court by counsel for relatrix.

"Thereafter Anna M. Bushman, guardian, etc., filed a motion entitled: 'Opposition to appointment of Estelle Peper Bushman Bar-

low as executrix of the will of Caroline J. Peper, deceased.' (Your relatrix had become the wife of Barlow after the issuance of letters testamentary to her, as is admitted).

''In the motion referred to, Anna M. Bushman set up certain con-tentions to the effect that your relatrix should not be appointed executrix of her mother's will. The foundation of her whole claim was the assumption that relatrix, though the will contest had finally ended and the judgment probating the will in solemn form had been rendered in that proceeding and presented to the probate court, was in some way displaced from her position as executrix and could not take up her duties as such unless she were again formally appointed as executrix and new letters testamentary issued to her. This, despite the fact, also, that there had never been any order, proceeding or attempt to remove relatrix as executrix or to cancel her letters issued upon the probating of the will in common form.

''On this motion the probate court has appointed another person than relatrix to take charge of said estate and issued to such person letters with the will annexed and is threatening to require the assets of said estate to be delivered to such person. It is the position of your relatrix that she is now the executrix of said estate; that her letters are in force, and there is no vacancy to be filled and that the probate court has no jurisdiction to make the appointment. This proceeding is aimed at the extra-jurisdictional step already taken. A companion prohibition proceeding is intended to prevent further threatened steps.''

The pleadings admit that relatrix is the daughter of Caroline J. Peper, who died August 1, 1920, a resident of the city of St. Louis, Missouri, leaving a will devising real and personal property located in said city in which she named relatrix as executrix; that the will was duly admitted to probate and letters testamentary were issued to relatrix, and that she duly qualified as executrix and entered upon her duties as such executrix.

Upon the institution of the action to contest the will of Caroline J. Peper, a motion was filed in the probate court praying the appointment of an administrator *pendente lite* of said estate during such contest. The order of said court, after reciting the filing of said motion, proceeds:

''And the court having heard and duly considered said motion and the evidence adduced, and being fully advised of and concerning the premises, *and it appearing that by reason of the filing of contest of the last will and testament of said deceased, as aforesaid, the letters testamentary heretofore granted by this court to Estelle Peper Bushman, as executrix of said will, were revoked, and her authority as such executrix thereby ceased;* it is thereupon ordered by the court that Leslie J. Nichols be appointed administrator *pendente lite*

of the estate of said deceased on giving bond in the sum of two hundred thousand dollars.'' (Our italics.)

The pleadings admit that Nichols was succeeded by Ottofy, and Ottofy by Karl P. Spencer by appointment on December 10, 1925, as administrator *pendente lite,* who acted in that capacity until the conclusion of the contest of the will by the judgment of this court reversing and rendering the judgment of the circuit court with directions to probate the will in solemn form; that judgment was accordingly entered by the circuit court, and a copy thereof was certified to and filed in the probate court, and the probate court thereupon, by an entry of record, ordered that the letters of administration *pendente lite,* theretofore issued to Karl P. Spencer, be revoked. Thereafter, on July 7, 1927, relatrix by motion duly called the attention of the respondent as judge of said probate court, to the certified copy of the judgment of said circuit court and prayed said probate court ''for an order setting aside its order heretofore made *suspending* the right and authority of your petitioner to act as the executrix of said estate under said will and order of this court; that the order made on the 10th day of December, 1925, appointing said Karl P. Spencer administrator *pendente lite* d. b. n. of said estate, be set aside, and that said Karl P. Spencer be ordered and directed to turn over and deliver to your petitioner all of the assets of said estate now in his hands, or for which he is or should account.'' (Italics ours.)

On the same day, July 7, 1927, Anna M. Bushman, guardian of Frederick Peper Bushman, a minor, filed a motion in ''opposition to the appointment of Estelle Peper Bushman Barlow as executrix under the last will of Caroline J. Peper, deceased,'' reciting, *inter alia,* that while L. Frank Ottofy was acting as administrator *pendente lite* he caused a citation to be issued against relatrix charging her with having concealed certain assets belonging to said estate and on a hearing in said probate court on December 26, 1922, said court found relatrix had concealed shares of stock of the Christian Peper Tobacco Company of the par value of $78,925, belonging to the estate of Caroline J. Peper; that on appeal to the circuit court, on a trial of said cause to a jury, a verdict was found for relatrix on said charge; that a motion for new trial of said cause was sustained and an appeal was taken from said order, which appeal is now pending in the Supreme Court of Missouri, in which appeal said Karl P. Spencer was substituted in place of said Ottofy on June 27, 1927. The motion proceeds in substance that the movent *objects to the appointment of relatrix as executrix,* etc., for the reason that relatrix is incompetent, unsuitable and an improper person to execute the said will, inasmuch as she could not be substituted as a party plaintiff in said cause and is a non-resident of the State.

Wherefore she prays the court to deny the application of relatrix for letters testamentary on said estate and for the appointment of some person to execute said will, to the end that the said suit now pending in the Supreme Court against relatrix for concealing assets may be prosecuted with due diligence.

The motion filed by relatrix was taken under advisement by respondent until October 22, 1927, when it was overruled.

On the same day an order was entered reciting in substance that the petition of Anna M. Bushman, curatrix of the estate of Frederick Peper Bushman, praying an order denying the application of relatrix for letters testamentary on the estate of Caroline J. Peper, deceased, coming on to be heard and the evidence being adduced, the court doth find that relatrix, Estelle Peper Bushman Barlow, is a non-resident of the State of Missouri and is disqualified to act or be *reappointed* executrix under the last will of deceased; it is therefore ordered that Otto A. Hampe, Public Administrator of the City of St. Louis, be appointed administrator *de bonis non* with the will annexed of said deceased under his official bond. From this order relatrix took an appeal to the Circuit Court of the City of St. Louis.

I. Relatrix contends that at the time the respondent made the order appointing Otto A. Hampe administrator d. b. n. c. t. a. of the estate of the deceased, she was the duly qualified executrix of the will of said deceased and that said order was an attempt to revoke her letters testamentary lawfully granted to her, without giving her notice and a hearing, to which she was entitled under the law and that said order was made without right or jurisdiction and in excess of the jurisdiction of said probate court, and said order is therefore null and void.

It is the contention of the respondent that the filing of the will contest vacated and destroyed the order admitting the will to probate and the order granting letters testamentary, and there was no will until proved in solemn form; that the executrix would have no authority as such until such time as the will was probated in solemn form and proper orders thereafter entered by the probate court reappointing the executrix, and if any order was necessary after proof of the will in solemn form to clothe the executrix with legal authority as executrix or to reappoint or reinstate her as executrix, then the probate court was acting judicially and certiorari or prohibition will not lie.

The filing of the will contest did not work a revocation of the letters testamentary theretofore granted to the relatrix; it merely suspended her authority to act as executrix during the contest.

Section 13, Revised Statutes 1919, reads:

"If the validity of a will be contested, or the executor be a minor, or absent from the State, letters of administration shall be granted during the time of such contest, minority or absence, to some other person, who shall take charge of the property and administer the same according to law, under the direction of the court, and account for and pay and deliver all the money and property of the estate to the executor or regular administrator when qualified to act."

Section 40 reads:

"If a will be proved, and letters thereon granted, and the will afterward set aside, the letters shall be *revoked*, and other letters granted of the goods unadministered." (Our italics.)

In State ex rel. v. Imel, 243 Mo. 180, 147 S. W. 989, the court had this identical question under consideration. Judge LAMM there said, on page 186:

"By the inherent reason of the thing, the right of an executor or administrator *c. t. a.* to administer in accordance with the terms of the will, i. e., the wish of the testator, should·be suspended during a contest. This, on the accepted theory that a will contest in this jurisdiction is in the nature of an appeal from the formal probate in the probate court, jurisdiction being lodged by the contest in the circuit court to establish the validity of the will in solemn form. It conclusively follows from that theory that such contest destroys the present efficacy of the mere formal probate in the probate court. To all intents and purposes it is thereby vacated and there is left a mere writing or scroll, but no will, until such time as it is proved anew in the contest proceeding. For such reasons the statutes referred to contemplate that the functions of the executor, who acts under the will and by virtue of his appointment in court, are to be suspended and a competent provisional administrator, in the person of a neutral or indifferent person, is to be appointed; but mark the fact, for thereon weighty matter hangs, his appointment is special and limited. It is for that turn only, temporary and '*during the time of such contest.*' By analogy, his office is said to be in the nature of a receivership; and, when the contest is at an end and the validity of the will established, his term of office expires and his right to act ends. The executor or regular administrator *c. t. a.* becomes again qualified to act in the administration of the estate. So, when that time comes the provisional administrator is *functus officio.* He must step down and out *instanter*, settle and turn over 'the money and property of the estate to the executor or regular administrator,' who, by that token, comes into his own again. [R. S. 1909, sec. 21, now R. S. 1919, sec. 13, and authorities.]

"(b) The premises kept in mind, when on February 2, 1910, the Ashton will contest ended by finally establishing the validity of

the will, relator as executrix was repossessed with clear right to plenary possession of all remaining personal estate of Thomas Ashton to administer thereon in strict conformity to his wishes and the powers of which she was made donee by his will. All she had to do was to produce in the probate court the proper evidence of the judgment finally establishing the will.''

In State ex rel. v. Imel, 243 Mo. 174, 177, 147 S. W. 922 (another case), Judge LAMM said:

''For all practical purposes of the law, his office and powers ar' as dead as a last year's bird's-nest and the executrix has become qualified to act.''

This is quoted approvingly in Leahy v. Campbell, 274 Mo. 343, 359, 202 S. W. 1114. See, also, Johnson v. Brewn, 277 Mo. 392, 396, 210 S. W. 55, and Leahy v. Mercantile Trust Co., 296 Mo. 561, 587, 247 S. W. 396.

There is no merit in respondent's contention that the filing of the contest of the will operated to revoke the letters testamentary issued to relatrix, nor did the respondent have any power or authority to revoke her letters testamentary. Sections 13 and 40, Revised Statutes 1919, quoted supra, and the rulings of this court are clear that the filing of the will contest operated to *suspend* the functions of relatrix pending the contest. When the contest ended by establishing the validity of the will, the relatrix was entitled to possession of the estate as if there had been no contest of the will, and upon producing in the probate court evidence of the judgment establishing the will, the respondent had but one duty to perform in that respect, and that was to order the administrator *pendente lite* to deliver the assets of the estate to the relatrix, as required by Section 13, Revised Statutes 1919. Relatrix needed no order of reappointment. If the contest had resulted in setting the will aside, the statute, Section 40, reads: ''the letters shall be revoked, and other letters granted of the goods unadministered.'' *Expressio unius est exclusio alterius.* ''Broom in his 'Legal Maxims' says that no maxim of the law is of more general and uniform application; and it is never more applicable than in the construction and interpretation of statutes.'' [16 Cyc. 23. See, also, 25 C. J. 220; State v. Police Commissioners, 14 Mo. App. 297, 305; State ex inf. v. Mo. Athletic Club, 261 Mo. 576, 599, 170 S. W. 904, L. R. A. 1915C, 876.] Hence it results that respondent had no power to revoke the letters testamentary, because of the pending contest of the will.

II. At the conclusion of the will contest, relatrix filed a motion in the probate court praying the court to order Spencer, the adminis-

trator *pendente lite,* to turn over to her the assets of the estate in his hands. Respondent had already revoked the letters of administration *pendente lite* theretofore issued to Spencer. On the same day relatrix filed her motion, Anna M. Bushman appeared and filed a motion in ''opposition to the appointment of Estelle Peper Bushman Barlow as executrix,'' and prayed respondent to deny the application of relatrix for letters testamentary on the estate of Caroline J. Peper, charging that relatrix was incompetent, unsuitable and an improper person to execute the will and that she was a non-resident of the State, as heretofore stated. The court overruled the motion of relatrix, and further found that relatrix was a non-resident of the State, and appointed Otto A. Hampe, public administrator, administrator *de bonis non* of the estate of the deceased. From this order relatrix appealed to the circuit court.

It is insisted by relatrix that the order appointing Hampe as administrator *de bonis non* was tantamount to a revocation of her letters testamentary, without notice to her or complaint in writing, and that such order was without authority of law and in excess of the power and jurisdiction of the respondent, and was null and void.

The motion of Anna M. Bushman was based on the theory that the will contest by operation of law revoked the letters testamentary granted to relatrix; that relatrix, by her motion, sought to be reappointed as executrix; that in the circumstances it was the duty of respondent to appoint an administrator *de bonis non.* The motion opposed the reappointment of relatrix because of her unfitness and non-residence. Respondent insists if there was any irregularity in the proceeding, or failure of notice and complaint in writing, as provided by Section 42, Revised Statutes 1919, relatrix waived such notice and complaint by participating in the trial of the Bushman motion.

There is no evidence in the record that relatrix participated in the hearing of the Bushman motion praying for an order ''denying the application of Estelle Peper Bushman for letters testamentary.'' Relatrix did not apply for letters testamentary; she asked respondent to order the provisional administrator to turn over the assets of the estate to her. There was no motion or proceeding pending before the respondent upon which an issue could be raised as to the incompetency, unfitness or residence of relatrix.

Section 42, Revised Statutes 1919, provides:

''If any executor or administrator become of unsound mind . . . or in any wise incapable or unsuitable to execute the trust reposed in him, or fail to discharge his official duties, or waste or mismanage the estate . . . the court, upon complaint in writing made by any person interested, supported by affidavit and ten days'

notice given to such executor or administrator, as prescribed by Section 273 of this chapter, shall hear the complaint, and, if it finds it just, shall revoke the letters granted."

"The probate court is a court of limited jurisdiction, possesses only such power as is conferred upon it by statute, and can exercise its jurisdiction only in the manner prescribed by statute." [St. Louis v. Hollrah, 175 Mo. 79, 85, 74 S. W. 996.]

"Whenever a statute limits a thing to be done in a particular form, it necessarily includes in itself a negative, namely, that the thing shall not be done otherwise." [25 C. J. 220, note 16 (c).]

"The Constitution and the statutes have particularized the several things which may be done by probate courts, and we think their jurisdiction is necessarily confined to such suits and proceedings as they have been granted power to adjudicate." [State ex rel. v. Bird, 253 Mo. 569, 580, 162 S. W. 119.]

The statute provides a special proceeding for the removal of an executor or administrator; a complaint in writing, verified by affidavit must be filed, setting up the grounds for removal; "the executor or administrator shall be served with notice of such application, setting forth the substance thereof, ten days before the same shall be made to the court." [Sec. 273, R. S. 1919.] It stands conceded that the requirements of the statute were not complied with. There was no previous notice given the relatrix, nor was there any complaint in writing filed praying for her removal. It clearly appears by respondent's order of January 15, 1921, appointing Leslie J. Nichols administrator *pendente lite*, "that by reason of the filing of the contest of the last will and testament of said deceased, as aforesaid, the letters testamentary heretofore granted by this court to Estelle Peper Bushman, as executrix were *revoked* and her authority as such executrix thereby ceased." As we have seen it is the contention of respondent's learned counsel that relatrix's letters had been revoked by the will contest; that there was a vacancy in the office of executrix and that upon this assumption respondent appointed Hampe as administrator *de bonis non*. There was no complaint under Section 42 pending before respondent; there was no hearing or trial under said section either in form or substance. Relatrix was the lawfully appointed executrix of the last will of deceased; she prayed the court to order the administrator *pendente lite* to turn over the assets; but instead of obeying the plain mandate of the statute, he made an order appointing an administrator *de bonis non*. She asked for bread; he gave her a stone. It needs no further citation of authorities to establish that the order so made and complained of was beyond and in excess of the respondent's jurisdiction.

III. Respondent contends that if the probate court did not exceed its jurisdiction, then, notwithstanding it may have ruled erroneously, this court will not grant the writ prayed for, and further, if relatrix has a method of relief by appeal, this court will not grant the writ.

In State ex rel. v. Landon, 304 Mo. 654, 662, 265 S. W. 529, WHITE, J., said:

"The writ of *certiorari* this court has several times decided, performs the same office in this State that it did at common law. [State ex rel. v. Goodrich, 257 Mo. 47-48.] The writ is applicable where the court to which it is directed either has no jurisdiction or acts in excess or abuse of its jurisdiction, or where there is *no* remedy by appeal or writ of error. [State ex rel. v. Mosman, 231 Mo. 483; State ex rel. v. Smith, 101 Mo. 174; State ex rel. v. Wurdeman, 254 Mo. 1. c. 569.]

"In the Mosman case, at the page cited, it was said: '*Where such tribunal has jurisdiction* and its action can be reviewed by appeal or writ of error, *certiorari* will not lie.'" (Our italics.)

In State ex rel. v. Shelton, a case decided by Court en Banc, 154 Mo. 670, 691, 55 S. W. 1005, cited by WHITE, J., as a leading case, Judge BRACE said:

"Now while *certiorari* is the appropriate remedy where an inferior tribunal acts without jurisdiction or in excess of its jurisdiction, or when within its jurisdiction, but the action of such inferior tribunal cannot be reviewed on appeal or writ of error (citing cases); yet in this State the law is also well settled that it cannot be used as a substitute for appeal or writ of error; and that, where such tribunal has jurisdiction and its action can be reviewed by appeal or writ of error, *certiorari* will not lie (citing cases)."

And on page 692, quoting from State ex rel. v. Dobson, 135 Mo. 1. c. 20:

"The power of this court is as comprehensive in this respect over inferior courts in this State, as was the Court of King's Bench in England in a similar way. And on many occasions has this superintending control been exercised by this court from the earliest days of its history down to the present time, in keeping circuit and other courts within the compass of their legitimate jurisdiction, and in preventing them from transcending the bounds of their lawful authority . . . Our inquiries, however, are limited under the common-law practice which prevails in this State, to such errors as are of record and jurisdictional in their character. By BLACK, J., in State ex rel. v. St. Louis Court of Appeals, 99 Mo. 1. c. 221: 'The writ cannot be awarded for the simple purpose of correcting errors, if any there were. It must clearly appear that the Court of Appeals has exceeded its legitimate powers.'"

In State ex rel. v. Staten, 268 Mo. 288, at foot of page 298, 187 S. W. 42: ''On the other hand, if the proceedings by *certiorari* show want of jurisdiction upon the part of the county court, it would nullify all the proceedings before such court.''

In the recent case of State ex rel. v. Williams, in Banc, 310 Mo. 267, 272, 275 S. W. 534, Judge GRAVES, delivering the opinion of the court said:

''If the probate court had the right to grant an appeal, then our writ of certiorari should be quashed, and the record of the Probate Court of Macon County should be upheld. The purpose of such a writ is to bring up the record for our consideration. If the lower court was within its jurisdiction in granting the appeal we cannot quash its record. Certiorari serves the purpose of undoing a thing done without jurisdiction, or in excess of jurisdiction, after it has been done. Prohibition is the remedy where the act beyond jurisdiction, or in excess of jurisdiction, is threatened, but not done. So too, if the court has jurisdiction to proceed, but refuses to proceed, the correlative remedy of mandamus may be invoked to compel such court to proceed. And in this connection it should be said that this court has compelled a court having probate jurisdiction to grant an appeal in a case before it. [Hall v. County Court of Audrain County, 27 Mo. 329. See, also, In re McMenamy's Guardianship, 307 Mo. 98, 270 S. W. 1. c. 668.] In other words if the act (beyond or in excess of jurisdiction) has been done, and made of record, the remedy may be certiorari to quash such record. If the act beyond or in excess of jurisdiction is only threatened, but not accomplished, then the remedy is by writ of prohibition. But if the act to be done is one within jurisdiction, and one which the court ought to do, but refuses to do, then the remedy is by mandamus.''

In 5 Ruling Case Law, 257, referring to the existence of the remedy by appeal or writ of error, the rule is stated: ''And where the inferior court is guilty of proceeding in the absence, excess or usurpation of jurisdiction, certiorari may be resorted to for the purpose of keeping that court within its proper bounds.''

This is the rule as declared by the St. Louis Court of Appeals in State ex rel. v. Pfeffle, 220 Mo. App. 676, 683, 293 S. W. 512, 515.

As we have seen, there was no complaint in writing praying for the revocation of letters testamentary issued to relatrix. There was no issue on such a proceeding pending before the respondent. The respondent proceeded on the theory that the letters were revoked *ipso facto* by the action to contest the will. We think the probate court exceeded its jurisdiction in making the order appointing Otto

A. Hampe as administrator *de bonis non* of the estate of the deceased while the relatrix was the lawfully appointed executrix.

The record making said appointment is therefore quashed as prayed in the petition for the writ of certiorari. And as the respondent exceeded his powers in so making said appointment and threatens further to act in excess of his jurisdiction, the preliminary rule in prohibition is made absolute. *Davis* and *Henwood, CC.,* concur.

PER CURIAM:—The foregoing opinion by HIGBEE, C., is adopted as the opinion of the court. All of the judges concur.