STATE OF MISSOURI AT THE RELATION OF HARRY B. ELLSWORTH, APPELLANT, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, A CORPORATION, HARRIETT N. ELLSWORTH AND DOROTHY M. ELLSWORTH, RESPONDENTS.—147 S. W. (2d) 131.

Kansas City Court of Appeals. January 6, 1941.

*Franklin D. Glore* and *R. G. Meierhoffer* for appellant.

*Joseph K. Owens* for Harriet N. Ellsworth and Dorothy M. Ellsworth.

*P. E. Reeder* and *George J. Winger* for Fidelity & Deposit Company of Maryland.

*Winger, Reeder & Barker* of counsel.

854

SHAIN, P. J.—The appellant, the will hereinafter be referred to as relator, filed a bill of equity in the Circuit Court of Jackson County, Missouri, seeking to set aside and declare as void a judgment of final settlement and discharge of Harriett N. Ellsworth as guardian and curatrix of defendant Dorothy M. Ellsworth and the relator herein. The relator further seeks recovery from defendant Fidelity & Deposit Company of Maryland, a corporation, as penalty on a $5000 bond, conditioned that aforesaid guardian and curatrix faithfully discharges her duties and faithfully accounts as curatrix, aforesaid.

The relator's petition consists of fourteen counts. The first four paragraphs of the first count sets forth allegations of incorporation of the Fidelity & Deposit Company, the residence and ages of the minors, the appointment of Harry E. Colvin as curator of the estate, the resignation of said curator and the appointment of defendant Harriett N. Ellsworth as guardian and curatrix under date of May 25, 1923.

The fifth and sixth paragraphs of petition allege as to requirement for and giving of bond by defendant Fidelity Deposit Company in the sum of $5000.

The seventh, eighth and ninth paragraphs of Count One alleges that annual settlements were made for three years, and as to final settlement at end of fourth year at which time minors were of age.

Paragraph ten of first count alleges endorsement on back of final report as follows: "Finding majority of wards, receipts and waivers filed, etc., discharge, Ben R. Estill, Judge."

The eleventh paragraph of first count is as follows:

"Eleventh: That on the same day that the said guardian and curatrix filed said 'Final Report,' viz., October 31, 1929, she induced the said Probate Court to make an order in keeping with the endorsement on the back of said 'Final Report,' to the effect that on October first, 1929, there was nothing due from her, as guardian and curatrix of relator's estate, to the relator, and not thereupon said 'Final Report' was approved by the said Court, and the following judgment entry was made, which appears in the records of said Probate Court in Vol. 102, at page 408, to-wit:

" 'Comes said guardian and files herein her final settlement of the estate of said minors and the Court finds that both minors are now of legal age; that the said Harry Ellsworth appeared in open court and waived all notice and acknowledged satisfaction of record, there being no balance due him as shown by said settlement. And it also appearing that said Dorothy Ellsworth has received a copy of this settlement and agreed in writing that said said settlement could be taken up and passed upon by the court on the Thirty-first day of October, 1929, the court finds that said guardian has nothing remaining in her hands belonging to said wards.

" 'Thereupon said final settlement in the estate of Dorothy Ellsworth and Harry Ellsworth is by the court approved and ordered spread upon the record, and further ordered that said guardian be, and she is hereby fully and finally discharged.' "

The twelfth paragraph states that the above and foregoing is a synopsis of judgment roll of the proceedings in probate court.

Paragraphs thirteen, fourteen and fifteen of the first count attack the final settlement on alleged grounds of settlement not being at proper term and not complying with provision of publication and general failure to comply with Revised Statutes of Missouri, 1929, sec. 430.

Paragraph sixteen charges final settlement invalid by reason of fraud and paragraph seventeen charges the fraud as follows:

"SEVENTEENTH: That the fraud so perpetrated by said guardian and curatrix on the court was: that said guardian knew that said 'Final Report' so filed October Thirty-first, 1929, did not correctly and accurately show all the money due relator and she knew that in her previous annual settlements, and in said 'Final Report' she had purposely and wrongfully charged many items of varying amounts, more particularly hereinafter set out, against the estate of said minors, her wards; that she failed to reveal to the court the said erroneous and wrongful charges and designedly suppressed and concealed from the court the true condition of her ac-

count with her said wards, and of the various misappropriations and misapplications made by her of relator's funds and property, with the intent and purpose of appropriating to herself such money and property of her said wards, and that as a result of the fraudulent representations, contained in said 'Final Report,' and such fraudulent suppression and concealment, she was enabled to procure, and it was only thereby that she did procure, in the manner hereinabove set forth, the said entry and an order of the court approving her said 'Final Report,' and that she did thereby fraudulently obtain said order of discharge from said court. That defendant Harriett N. Ellsworth did not at any time reveal to her said wards the true condition of her account with them; that she at all times wilfully and wrongfully concealed from them, and from the court, the fact that she had wrongfully charged their said account with improper withdrawals, and that she, in order that her said wards and the Probate Court might not become familiar with the true condition of said account, and in order that she might procure said entry of court, approving said 'Final Report,' during the September, 1929, term, without having previously filed a just and true exhibit of her said account, and without having delivered the same with a notice, to her said wards, four weeks next before the first day of the said September term, 1929, as required by law, and for that reason her said wards had no opportunity to investigate the condition of their said account, and the said Probate Court, not being fully informed, was deceived and thereby wrongfully and fraudulently induced to make said entry approving said 'Final Report,' and the said order of discharge; that relator on and prior to October 31, 1929, had implicit confidence in the said guardian and curatrix; that he relied on her, counseled with her, and sought her advice in all matters and expected her to fully reveal to him the true condition of her account with him, and relied upon her making a just and proper settlement, and that he continued to retain and have full confidence that she had in all things dealt fairly and justly with him, in connection with said account, until on or about June, 1937, as hereinafter set out. Relator therefore states that on the 31st day of October, 1929, by reason of the premises, he did not object to the filing of the said 'Final Report,' in the form hereinabove set forth. He did not know the true condition of his account with said guardian and curatrix, and for that reason did not present to the court, in fact, could not present to the court, any information regarding the true condition of her said account with him.''

Paragraph eighteen alleges wrongful appropriation of money to her own use in running of picture show in the sum of $780.66.

Paragraph nineteen alleges wrongful appropriation of money to her own use in running candy store in the sum of $825.22.

Paragraph twenty, to the same effect as above, in running of produce business in the sum of $467.83.

Paragraph twenty-one, to the same effect, on an alleged charge allowed on first settlement and duplicated in second settlement in the sum of $180.

Paragraph twenty-two recites that allowance by court of $175 per month was for necessities of life for wards and to make a home for them.

Paragraphs twenty-four and twenty-five make allegations of relationship of parent and child and as to faith and confidence and trust between relator and his mother.

Paragraph twenty-six alleges as to non-discovery by relator and plaintiff of and concerning alleged failure to make true and just exhibit of account until on or about June, 1937, shortly before filing of suit to-wit, November 26, 1937.

Paragraph twenty-seven alleges refusal of Dorothy M. Ellsworth to join in petition as explanation for making her party defendant.

Paragraph twenty-eight alleges relator has no plain, adequate and complete remedy at law.

The prayer to first count of petition is as follows:

"WHEREFORE, relator prays that the Court make an order and decree to the effect that the order of the Probate Court of Jackson County at Kansas City, Missouri, hereinbefore described in settlement and discharge of Harriett N. Ellsworth as guardian and curatrix of the estate of defendant Dorothy M. Ellsworth and relator be adjudged to be void and be for naught held and for such other and further orders and judgments in the premises as to the Court may seem meet and proper."

Counts two to fourteen of relator's petition, all embrace clauses one to twenty-eight of Count One. All of aforesaid counts ask that final report of curator be set aside as void and all ask judgment for penalty on curator's bond, and ask for execution in specific stated amounts alleged as money misappropriated.

The defendant, Fidelity & Deposit Company files separate answer wherein it admits allegations· one, two, three of the first count, pleads want of knowledge as to fourth, admits as to the fifth, admits as to final settlement, except as to fraud allegations, which are denied. As to allegation in paragraph twelve, it is pleaded insufficient knowledge, but as to paragraph thirteen and fourteen, specific denial is made.

As to paragraph fifteen of the first county, this defendant states as follows:

"(g) As to the allegations of paragraph Fifteenth, this defendant denies that said Probate Court of Jackson County, Missouri, at Kansas City, was without jurisdiction to enter the said judgment and final discharge of said Harriett N. Ellsworth as guardian and curatrix of the plaintiff herein, and to enter the order mentioned in paragraph Eleventh of petition herein; and denies that said order was wholly ineffectual, and states that said order was made upon a

written waiver executed by said plaintiff whereby plaintiff waived the statutory notice required under Section 456, Revised Statutes of Missouri, 1909 (now Section 430, R. S. Mo. 1929), and appealed for the purpose of making final settlement with his said guardian and curatrix, Harriett N. Ellsworth, and acknowledged that he had fully examined the accounts and final settlement of said guardian and curatrix and that he had received full and complete payment of the balance found by the court to be due him, and acknowledged satisfaction of record in said proceeding, and requested and asked that his said guardian and curatrix, defendant Harriett N. Ellsworth herein, be fully and finally discharged; that said written waiver was executed by the said plaintiff on the 31st day of October, 1929, and duly acknowledged before Edward Cadman, Clerk of said Probate Court, and on said date filed in said Probate Court as a part of the record in case No. 23106, being the matter of the Estate of Harry Ellsworth, and Dorothy Ellsworth, minors; and this defendant states that by voluntarily filing said document said Harry Ellsworth, Plaintiff herein, voluntarily submitted to the jurisdiction of said Probate Court and waived the requirements of Section 430, Revised Statutes of Missouri, 1929, pleaded in plaintiff's petition and said Probate Court was thereby fully empowered to and finally discharged the said Harriett N. Ellsworth as his said guardian and curatrix, and said order was and is a final adjudication of all rights of plaintiff in respect of said estate.''

This defendant makes specific denial as to paragraphs sixteen, eighteen, nineteen, twenty, twenty-one, twenty-six and twenty-eight of the first count.

This defendant further answers as follows:

''(j) Further answering, this defendant states that by reason of the execution by plaintiff of the written waiver pleaded in paragraph (g) of this answer, plaintiff is now estopped to assert that the Probate Court of Jackson County, Missouri, at Kansas City was without jurisdiction to enter its said order (pleaded in paragraph Eleventh of plaintiff's petition herein) approving the said 'Final Report' of defendant Harriett N. Ellsworth as guardian and curatrix of plaintiff and ordering her final discharge as such, and is further estopped to deny that he examined the accounts and final settlement of his said guardian and curatrix and that he has received full and complete satisfaction and payment of all amounts claimed to be due him from defendant Harriett N. Ellsworth as guardian; and plaintiff is estopped from asserting any and all claims contained in his petition herein and in each and every count thereof.

''(k) Further answering this defendant states that plaintiff had full and complete knowledge and information concerning all of the transactions and expenditures made by defendant Harriett N. Ellsworth as his guardian and curatrix of his estate, at the time said

transactions occurred and said expenditures were made, that nevertheless and being so informed, plaintiff executed said written waiver of notice required by law, acknowledgment of satisfaction and request for the discharge of said Harriett N. Ellsworth as his guardian and curatrix of his estate, as stated in paragraph (g) of this answer, and by reason thereof, and by reason of the lapse of nearly eight years thereafter without complaint by him, plaintiff has by his conduct ratified and approved all of said transactions and expenditures and is now estopped to assert any and all claims contained in his petition herein and in each and every count thereof.

"(1) Further answering, defendant states that the cause of action, if any there be, arising to the plaintiff on account of and by reason of the allegations and complaints in Count 1 of his petition contained, did not occur within five years before the filing of said petition and therefore is barred by the Statute of Limitations.

"(m) This defendant further states that plaintiff's cause of action, if any, arising on account of or by reason of the allegations and complaints of Count 1 of this petition contained, is a stale claim and that plaintiff has been guilty of laches in allowing over eight years to elapse before seeking to enforce it, and the same is therefore barred."

Defendant, Fidelity & Deposit Company, makes specific denial as to counts two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen and fourteen of relator's petition said:

"Further answering, this defendant states that by reason of the execution by plaintiff of the written waiver pleaded in paragraph (g) of this answer, plaintiff is now estopped to assert that the Probate Court of Jackson County, Missouri, at Kansas City was without jurisdiction to enter said order (pleaded in paragraph Eleventh of plaintiff's petition herein) approving the said 'Final Report' of defendant Harriett N. Ellsworth as guardian and curatrix of plaintiff and ordering her final discharge as such, and is further estopped to deny that he examined the accounts and final settlement of said guardian and curatrix and that he has received full and complete payment and satisfaction of all amounts claimed to be due him from defendant Harriett N. Ellsworth as guardian; and plaintiff is estopped from asserting any and all claims contained in his petition herein and in each and every count thereof.

"Further answering this defendant states that plaintiff had full and complete knowledge and information concerning all of the transactions and expenditures made by defendant Harriett N. Ellsworth as his guardian and curatrix of his said estate, at the times said transactions occurred and said expenditures were made, that nevertheless and being so informed, plaintiff executed said written waiver of notice required by law, acknowledgment of satisfaction and request for the discharge of said Harriett N. Ellsworth as his guardian and

curatrix of his estate, as stated in paragraph (g) of this answer, and by reason thereof, and by reason of the lapse of nearly eight years thereafter without complaint by him, plaintiff has by his conduct ratified and approved all of said transactions and expenditures and is now estopped to assert any and all claims contained in his petition herein and in each and every county thereof.''

In separate answer, the defendant guardian and curatrix admits as to paragraphs one to seven inclusive of Count One of relator's petition and:

''Defendant further states that if said acts were committed, as alleged in said petition, that said plaintiff is now estopped by his acts from asserting any right or claim against this answerng defendant, in that the filing of said plaintiff after he attained his majority, and that said plaintiff did, in open court, waive all notice and acknowledges satisfaction of the records, and acknowledged and admitted in open court, which was made part of the judgment of the Probate Court of Jackson County, Missouri, that there was no balance due him.

''Answering defendant further states that though she was actually appointed guardian in said estate, that prior to the time the plaintiff reached his majority, he exercised full and complete control over said estate, and all of the acts of this defendant in managing said estate were done under the direction of plaintiff; and that although said report might not be binding upon the defendant Dorothy M. Ellsworth, she makes no claim that the settlement was not proper, and by reason thereof of this plaintiff, by whose act said settlement was filed and approved, has no right or claim in this cause; and that said final settlement as set out in this cause; was actually prepared under the direction of plaintiff, that he had full knowledge of its contents after reaching his majority, and that defendant executed said report upon the direction of plaintiff.

''Defendant specifically denies the allegations of paragraph eighteen of Count One of said petition, and states that she did not conduct said picture show as set out in said paragraph; but alleges and states that plaintiff himself conducted said picture show, receiving the proceeds therefrom, contracted said account, and that he withdrew from his share of said estate the sum of $780.66 for which he has failed to account to Dorothy M. Ellsworth, and that said account was known at the time that he prepared the final settlement in order to try to defeat the defendant Dorothy M. Ellsworth from her rights in said estate, without the knowledge or consent of either this defendant or said Dorothy M. Ellsworth.

''Defendant specifically denies all of the allegations in the nineteenth paragraph of Count One of plaintiff's petition, but states that said moneys, if expended, were expended at the direction of plaintiff, for his benefit, and at his request, and by reason thereof he has admitted that he knew at the time of the making of the final

settlement in said estate of such expenditures and which fact he kept concealed in order to cheat and defraud his sister, Dorothy M. Ellsworth, from her half interest in said amount due her.

"Answering further specifically denies all of the allegations of the twentieth paragraph of Count One of plaintiff's petition, and states that all of the items set out in said paragraph twenty were paid out at the specific instance and request of the plaintiff, for his benefit, and that he knew of said expenditures at the time that he had the final settlement prepared in the probate court and prepared said settlement to now show said items in order to cheat and defraud his sister, Dorothy M. Ellsworth."

The aforesaid defendant makes denial as to counts two to fourteen inclusive, and further pleads:

"ELEVENTH: That on the same day that the said guardian and curatrix filed said 'Final Report,' viz., October 31, 1929, she induced the said Probate Court to make an order in keeping with the endorsement on the back of said 'Final Report,' to the effect that on October 1st, 1929, there was nothing due from her, as guardian and curatrix of relator's estate, to the relator, and that thereupon said 'Final Report' was approved by said Court, and the following judgment entry was made, which appears in the records of said Probate Court in Vol. 102, at page 408, to-wit:

" 'Comes said guardian and files herein her final settlement of the estate of said minors and the Court finds that both minors are now of legal age; that the said Harry Ellsworth appeared in open court and waived all notice and acknowledged satisfaction of record, there being no balance due him as shown by said settlement. And it also appearing said Dorothy Ellsworth has received a copy of this settlement and agreed in writing that said settlement could be taken up and passed upon by the courts on the Thirty-first day of October, 1929, the court finds that said guardian has nothing remaining in her hands belonging to said wards.

"Thereupon said final settlement in the estate of Dorothy Ellsworth is by the court approved and ordered spread upon the record, and further ordered that said guardian be, and she is hereby fully and finally discharged."

Defendant Dorothy M. Ellsworth files separate answer making general denial and further replies with full disclaimer and asks to be dismissed with costs.

Relator replies by general denial as to all answers.

Trial of cause was had at May Term of the Jackson County Circuit Court, and findings and judgment of the court were against relator on all counts and that defendants be discharged with costs.

Harry B. Ellsworth, relator, duly appealed from aforesaid judgment, decree and decision of the Circuit Court.

The relator under head of "Assignment of Errors" discourses generally and at length in fifteen paragraphs. The first paragraph challenges the jurisdiction of the Probate Court to make an order approving the final settlement in controversy.

Paragraph seven reads as follows:

"7. The Court erred in allowing the oral testimony of Ben R. Estill and Hiera Farrow as to the conversations and transactions in the Probate Court on October 31, 1929 to establish jurisdiction in the Probate Court over relator for the purpose of making a final settlement and discharging his Guardian and Curatrix."

Paragraph thirteen is as follows:

"13. The Court erred in its findings and decree against the relator and in favor of the defendants."

Paragraph fourteen is as follows:

"14. The Court erred in overruling relator's motion for a new trial."

The other paragraphs charge error in alleged specific findings by the trial court.

The judgment shown in the record is a general judgment for defendant on all counts. There is no showing that the court was requested to make special findings of fact and no such findings are anywhere shown.

This being an equity suit, it becomes our duty to make our own findings of fact and conclusions of law. We proceed in our review of this case guided by the fundamental principles that equity follows the law but is potent in giving relief from the rigor thereof.

In an early case in the Supreme Court, Sheets et al. v. Kirley, 62 Mo. 417, the *status* of judgments of final settlement in the probate court was before that court for consideration. In the opinion, l. c. 420, it is said:

"But there is a broad distinction between the right to correct errors in a judgment on an appeal therefrom, and the right to annul for fraud a judgment unappealed from. Final judgments of the probate court stand on a footing of equality, in this respect, with final judgments of the circuit court. It has been repeatedly held in this State that final settlements of administrators, guardians, and curators have the force and effect of judgments, and they can only be set aside in equity when they have been fraudulently procured. Mere illegal allowances, unless obtained by fraud, will furnish no sufficient ground for impeaching their validity.

"In the case of Jones v. Brinker (20 Mo. 87), it was said, 'it was never held, that, charging merely that the administrator had obtained illegal allowances in his favor, in his settlements made with the county court, was ground for applying to the chancery court to have such allowances set aside and vacated. He must charge that the allowances were procured by fraudulent and false means and

pretenses, unjustly, to the injury of the estate and the parties interested.' It is unnecessary to add that such averments must be supported by evidence, or the relief sought will be denied."

The constitution of Missouri in express terms makes Probate Courts courts of record, and confers upon such courts jurisdiction over all matters pertaining to the appointment of guardians and curators and minors and settling of the accounts of curators and guardians.

In matters of approving settlements of guardians, the probate courts act in a judicial capacity and such judicial acts stand on an equality with final judgments of circuit courts. There are duties required to be performed by probate courts that are purely ministerial acts and in the performance of such acts the statutory provisions which create and give jurisdiction to the act must be strictly followed. Cases involving ministerial acts have no potency in this case.

An analogous situation to the one involved herein was before the St. Louis Court of Appeals in In re Ford, 157 Mo. App. 141. The aforesaid case was before the appellate court on appeal from judgment of the circuit court upholding the action of the probate court in discharging a curator. The appealing curator challenged the jurisdiction of the probate court to discharge without verdict, complaint being filed and for reason that he was not notified of any specific charge. The appellate court upheld the action of the probate court and, l. c. 148, of the opinion says:

"If it was without jurisdiction over the subject matter, the appearance of a party before it in that cause could not confer jurisdiction. If, however, it has jurisdiction over the subject-matter, then the appearance of the party, however irregularly summoned or without any summons, confers on that court full authority to hear and determine the cause. While the probate court is of limited jurisdiction, its acts and judgments within the scope of its jurisdiction are as conclusive as are those of all other courts of record having general jurisdiction. They acquire jurisdiction over the person just as any other court."

In an opinion by this court, King v. King, 73 Mo. App. 78, this court held that if notice of action to remove a guardian be defective, the same is cured by voluntary appearance.

We conclude and so hold as a matter of law that the Probate Court of Jackson County, Missouri, had jurisdiction of the subject-matter involved in the final settlement in the curatorship herein involved and that a voluntary appearance on the part of relator, if so, at the final hearing conferred upon the probate court jurisdiction of the person and that a final settlement under such an existing state of facts constituted a judgment rendered by said court that was a final judgment and can only be set aside and for naught held in a court of equity on ground of fraud properly plead and duly proven. We

conclude that the weight of the evidence is to the effect that relator made waiver and made personal appearance.

As to the admission of oral testimony complained of in specification seven, supra, we have carefully examined the record and in view of the fact that relator denies voluntarily appearing in the court at time settlement is shown to have been made, as is specifically stated in the judgment of the probate court, we conclude that no error such as would justify a reversal is shown.

The relator alleges that there was fraud in the procurement of the judgment in the probate court. In paragraph seventeen of the first count of relator's petition, set out in full above, are found the only allegations of fraud.

In giving consideration of the question of fraud in procurement of judgment, the fraud must be perpetrated on the court. It will be noted, paragraph seventeen, supra, that much of the pleading is directed at alleged fraud as perpetrated upon relator by actions and conduct that caused relator not to suspect wrong and not to fully acquaint himself with the situation in hand.

It is shown by the record in this case that the guardian and curatrix made three annual settlements and one final settlement. Said settlements are clearly set forth in the record and it is notable that the items charged as misappropriated appear clearly as charged as disbursements in the settlements filed.

It appears that the matters of distribution now claimed as unlawful items were clearly set forth in the settlements and were brought before the probate court for examination and determination.

In the light of the pleadings, *supra,* and with consideration of the above stated facts, we quote from an opinion of the Supreme Court of Missouri, in Hockenberry v. Cooper County State Bank, 88 S. W. (2d) 1036, as follows:

"A judgment cannot be set aside on the ground of fraud unless it is shown that fraud was practiced in the very act of obtaining the judgment; that the fraud went to the manner in which the judgment was procured rather than operating upon matters pertaining to the judgment itself; that the fraud prevented the unsuccessful party from presenting his case or defense; or that the fraud otherwise went to extrinsic, collateral acts of matters not before the court for examination or determination in the suit or proceeding in which the judgment was rendered."

Following the above, authorities are cited and the opinion continues as follows:

"Such a proceeding cannot be used to obtain a further hearing upon matters, which were or could have been brought before the court to make a case or defense, either because the parties found further evidence bearing upon the truth or falsity of the testimony there, or because the parties neglected to litigate such matters in the

original case. 'Courts of equity do not grant such relief for the purpose of giving the defeated party a second opportunity to be heard on the merits of case.'"

Characteristic of manner of proof in this case, the curatrix had undertaken to run a theatre in a building owned by the estate, also a candy kitchen and a produce business, all of which was well known to relator who helped in the running of the theatre and produce business. In these business adventures, financed by funds of the estate, there were substantial losses. These losses are plainly listed in the settlements and plainly charged to disbursements.

These items were before the probate court for examination and determination and the allegations of fraud and the character of proof offered, we conclude, will not justify a court of equity, at a time of over six years after final judgment, to permit relator a rehearing on the merits of allowances made and finally adjudicated by the probate court at time of final hearing and discharge.

As we conclude, upon reasons stated above, that judgment must go against relator and for defendants, we refer only briefly to issue of limitation.

From a careful reading of the testimony, we conclude that the relator was in such close touch with the whole administration by the curatrix and had such opportunity to acquaint himself with all matters involved as presents a situation that the Statute of Limitations cannot be concluded as having been tolled.

The judgment of the circuit court, that relator take nothing and have no relief herein on any court of his petition and that defendant be discharged with costs, is affirmed. All concur.