In re ESTATE of Elva H. FOSTER (Held), Deceased, Dorothy J. Busch, Adm. of James A. Ryan, Deceased, Edward C. Schneider and Harry A. Frank, Claimants, Appellants,

v.

Harry THEIS, Executor, and June Hunt Baker, Residuary Legatee, Respondents.

No. 29126.

St. Louis Court of Appeals.

Missouri.

May 15, 1956.

Edward C. Schneider, Harry A. Frank, St. Louis, for appellant.

Albert Theis, Jr., St. Louis, for Harry Theis, executor.

Fordyce, Mayne, Hartman, Renard & Stribling, Joseph R. Long, St. Louis, for residuary legatee.

WALTER E. BAILEY, Special Judge.

This cause originated in the Probate Court for the City of St. Louis by the filing of a claim on the part of appellants against the estate of Elva H. Foster, also known as Elva Held, deceased. The claim of appellants was for services rendered by them which were alleged to have been beneficial to the estate. The Probate Court refused to allow the claim and in due course an appeal was granted to the Circuit Court of the City of St. Louis, where the cause was heard de novo and the claim

again denied. The cause is here on appeal from the Circuit Court.

All the evidence in this case, outside the Probate Court records, comes from the lips of one witness, Harry A. Frank, one of the claimants herein. He testified that he had been engaged in the practice of law in the City of St. Louis for about forty years; that he was associated with Edward C. Schneider and James A. Ryan, now deceased, and that these three attorneys had been employed to represent the heirs of Elva Held Foster, the testatrix, who died September 2, 1951; that Mr. Harry Theis was granted letters testamentary in said estate on September 7, 1951, who thereafter filed an inventory in said estate on November 9, 1951, the personal property being valued at $188,924.22.

A will contest was filed on behalf of the heirs of the testatrix through their attorneys. After the filing of the will contest, and revocation of letters testamentary, Mr. Theis filed in the Probate Court an application to be appointed administrator pendente lite on June 3, 1952, and said application was placed on the motion docket.

On June 6, 1952, these heirs, represented by claimants, filed objections to the appointment of Mr. Theis as administrator, alleging that while he had no beneficial interest in the estate, he was claiming as gifts certain personal property consisting of a platinum diamond emerald ring valued at about $1,500, cash found in the home amounting to some $700 and an open account with Albert Theis & Sons, Inc., in the sum of $6,336.22, which Harry Theis had withdrawn, asserting that the same belonged to him as a gift.

The brokerage account above referred to was not known to claimants at the time the objections were filed. They were given that information by Charles Claflin Allen, Esquire, after he had made an investigation. On June 18, 1952 a supplemental inventory was filed by Harry Theis, including the ring, cash and the brokerage account, totalling in all the sum of $7,537.-32, thereby enhancing the estate as a whole in that amount. There was abundant evidence to prove claimants rendered valuable services including the procuring of a full statement of the brokerage account which benefited not only their clients but the estate as a whole. They made considerable research and of course their skill as lawyers in asserting the so-called gifts were void finally caused the executor to file the supplemental inventory. It may fairly be said that but for their efforts the so-called gifts, including the brokerage account, would never have been brought into the estate, although it is admitted that at the time of filing their objections to the appointment of Harry Theis as administrator pendente lite they did not know of the brokerage account.

Appellant's claim is solely for services rendered which increased the assets of the estate. The will contest was settled by agreement without trial. No statutory proceedings to discover assets was instituted. Claimants of course never represented Mr. Theis as executor and were not employed by him.

At the time the Honorable Circuit Court denied the allowance and dismissed the cause of claimants he filed a "Court Memorandum" in which he expressed the opinion that appellants' services did result in benefit to the estate, at least to the extent of the ring and cash in possession of deceased at the time of her death. The court further stated that before the Probate Court can authorize or approve such allowance as is asserted, it must be authorized to do so by Statute or at least be a necessary act to carry out the powers specifically conferred, and by inference held there was no such statutory authority.

■ The law is well settled that the Probate Court is of limited jurisdiction and is limited to the powers expressly conferred by statute, and can exercise such powers as are given only in the manner prescribed by statute. State ex rel. Barlow v. Holtcamp, 322 Mo. 258, 14 S.W.2d

646, loc. cit. 650. In re Moore's Guardian-ship, Mo.App., 148 S.W.2d 116, loc. cit. 119.

Appellants do not question such state-ment of the law. They assert, however, that the express power granted the Pro-bate Court carries with it a supplemental grant of such implied powers as may be necessary and essential to the exercise of the power expressly conferred. We are first referred to Sec. 481.020, V.A.M.S. This section is nothing more than a recital of the jurisdiction of the Probate Court following the Constitutional provisions. Art. V. Sec. 16, V.A.M.S. It confers no specific power. Also cited are Secs. 465.-100, 462.020, 462.030, 462.200 and 462.190, all V.A.M.S.

Sec. 465.100 has to do with the power of the Probate Court in allowing executors and administrators certain specific charges, including "legal advice and service." The legal advice and services referred to are for advice and services rendered the ad-ministrator or executor by attorneys em-ployed by him. In re Waters' Estate, Mo. App., 153 S.W.2d 774. It would be an at-tempt to enlarge on the powers conferred upon the Probate Court to hold such pow-ers contemplated payment of attorneys not employed by the administrator or execu-tor, but in fact employed by other persons to oppose such personal representatives. Moreover as we view the claim herein, it is not primarily for legal advice and serv-ice, but for services rendered beneficial to the estate infringing assets into the estate. No Missouri case is cited in which such an allowance has been made or attempted, unless employed by the administrator or executor. Appellants argue that the Pro-bate Court may employ equitable princi-ples in the exercise of its statutory juris-diction, in the same manner as may courts of record in actions at law. It was so held in the case of State ex rel. Kemp v. Ar-nold, 234 Mo. 154, 113 S.W.2d 143, cited by appellants, and decided by this court. The question before the court in that case, which was an original proceeding in man-damus, was whether the Probate Court in this state had jurisdiction to entertain a claim against the estate of an insane per-son for the support of a relative of such insane person, where no legal liability rested upon the incompetent for the sup-port of such relative. The evidence showed that the relative in question was the 84 year old mother of the incompe-tent; that she had no means of support other than from him, and that for many years prior to his becoming incompetent he had provided her a home and support. Under a statute providing for the support of the family of an insane person out of his estate, it was held that the Probate Court was invested with jurisdiction to act upon the application for an allowance out of the incompetent's estate and to de-termine who is a member of his family. In that connection this court said, 113 S.W.2d loc. cit. 145:

"(1) It is of course obvious that, if such a power exists in this state, it must be afforded by statute, since the probate court as we know it is a court of limited jurisdiction, possessing only those powers which have been con-ferred upon it by statute, and being wholly without equitable jurisdiction, even though it is permitted, when ne-cessity arises, to apply mere equitable principles in the exercise of its statu-tory jurisdiction. State ex rel. [Ba-ker] v. Bird, 253 Mo. 569, 162 S.W. 119, Ann.Cas.1915C, 1353; Peck v. Fillingham's Estate, 199 Mo.App. 277, 202 S.W. 465; Curlee Clothing Co. v. Boxer, Mo.App., 51 S.W.2d 894."

This same principle was announced in a number of other Missouri cases cited by appellants. In the case of In re Pfiffner's Guardianship, Mo.App., 194 S.W.2d 233, the Probate Court was held to have au-thority to appoint a guardian ad litem for a ward, resorting to the general code on civil procedure. In re Claus' Estate, Mo. App., 147 S.W.2d 199; State ex rel. Baker v. Bird, 253 Mo. 569, 162 S.W. 119; State ex rel. Bovard v. Weill, 353 Mo. 337, 182 S.W.2d 521, 155 A.L.R. 191.

In the case of In re Thomasson's Es-tate, 350 Mo. 1157, 171 S.W.2d 553, the

attorneys had been employed by the administratrices appointed by the Probate Court, under a contract, which attorneys also had a contract with the heirs. After the attorneys had rendered valuable services for the administratrices, recovering assets for the estate as a whole, the will of the testator was found and the prior administration vacated. Later these attorneys presented a claim for legal services rendered the administratrices. There was a serious question as to whether or not the services rendered by the attorneys were in behalf of the heirs or the administratrices. It was determined, however, that the services were rendered for both the heirs and administratrices, and that under the statute, allowing the Probate Court to permit charges for attorneys' fees and services, it was held that in so far as the services were beneficial to the estate as a whole, the attorneys were entitled to compensation from the estate and that although they had not presented the claim at the time of the surrender settlement of the administrator, it was not a claim against the estate in the ordinary sense but was an expense of administration and could be presented at any time before final settlement of the estate. It is clear that in that case the services rendered the estate were under employment from the administratrices and we do not consider it involved the question presented here.

There are numerous other cases cited by appellants which likewise are not in point. By a supplemental brief appellants have cited cases from other jurisdictions, as follows: In re Smith's Estate, 167 Misc. 95, 3 N.Y.S.2d 503, and In re Lounsberry's Estate, 226 App.Div. 291, 234 N.Y.S. 680. In the Rosenberg case, In re Rosenberg's Estate, 147 Misc. 517, 266 N.Y.S. 99, it is pointed out that prior to 1923 in New York no allowance could be made out of an estate for fees of attorneys for services rendered to individual beneficiaries of the estate, however beneficial to the estate those services might be. In that year New York passed a law "to fix * * * the compensation of an attorney for services rendered to an estate or to its representa-

tive, or to a devisee, legatee, distributee or any person interested therein." Surrogate's Court Act, § 231-a. Clearly under such a law the Surrogate Court of New York, which is the same as the Probate Court of Missouri, would have the power to allow for attorney's fees or services rendered which were of value to an estate. But we have no such law in Missouri at this time and in so far as we can determine no general power to which might attach the exercise of some equitable principle by the Probate Court in a situation such as we have here.

In re Smith's Estate, 167 Misc. 95, 3 N.Y.S.2d 503, was decided long after the amendment to the code heretofore mentioned and therefore we deem it no authority in this case.

In the supplemental brief we are also cited to the case of Becht v. Miller, 279 Mich. 629, 273 N.W. 294, 297. This is a Michigan case and well-reasoned and is authority, we think, for the position taken by appellants in this case, although it does not involve any statutory construction. In that case there was no contract with the administrator, either express or implied, to compensate an attorney for his services, but it was held that:

"The fees of an attorney employed by the executor or administrator of an estate are not paid from the assets of the estate by virtue of the contract of employment between the attorney and such executor or administrator, but are allowed as expenses of administration when such services are necessary to the settlement of the estate." Citing In re Grover's Estate, 233 Mich. 467, 206 N.W. 988.

We are unable to find where such a statement of the law is made in the case cited. However, it is said further in the case of Becht v. Miller, supra, as follows:

"The case at bar presents the question of the allowance from an estate as administrative expenses the fees and expenses incurred not by the executor or administrator but by a residu-

ary legatee. The question in its precise form has never been heretofore presented for consideration in this jurisdiction. Examination of the decisions of other states reveals the existence of conflicting opinion, but as a general proposition it may be stated that, before such an item may be charged against the estate, it must be shown that the services rendered were beneficial to the estate as a whole rather than to an individual or group of individuals interested therein. Numerous decisions have been collected in 79 A.L.R. at page 521. A doctrine which permits a decedent's estate to be so charged, should, however, in our opinion, be applied with caution and in its operation limited to those cases in which the services performed have not only been distinctly beneficial to the estate, but became necessary either by reason of laches, negligence, or fraud of the legal representative of the estate", citing State ex rel. Barlow v. Holtcamp, 322 Mo. 258, 14 S.W. 2d 646; In re Moore's Guardianship, Mo.App., 148 S.W.2d 116; In re Delany, Mo.App., 226 S.W.2d 366; State ex rel. Ellsworth v. Fidelity & Deposit Co., 235 Mo.App. 850, 147 S.W.2d 131; Dietrich v. Jones, 227 Mo.App. 365, 53 S.W.2d 1059; In re Whitlow's Estate, 184 Mo.App. 229, 167 S.W. 463.

 The reasoning in that opinion is quite persuasive but we think Missouri must be classed among those states which hold that, in the absence of a statute authorizing such an allowance the Probate Court may not allow a claim for services rendered, although beneficial to the estate as a whole, unless such attorney was employed by the executor or administrator.

We therefore hold that since there is no statute authorizing allowance of a claim for attorney's fees or services not rendered under a contract or as an expense of the administrator or executor, the Probate Court has no power to make such an allowance and there is no statute to which the equitable relief or the appliance of an equitable remedy, as maintained by appellants, can apply in this case. Therefore, the judgment should be affirmed.

It is so ordered.

ANDERSON, P. J., and MATTHES, J., concur.